## Commercial National Bank of Chicago v. Lincoln Fuel Company.

1. PRACTICE—*Verified Denial of Indorsement—When it May be Filed.*—It is not error to allow an affidavit denying the genuineness of an indorsement to be filed after the evidence is closed, when the absence of such an affidavit is then for the first time urged as an objection to a finding in favor of alleged indorsee.

2. CHECKS—*Acceptance of—What Sufficient Proof of.*—Proof that a bank had paid a check to an unauthorized indorser and had charged it to the account of the drawer, who at the time of such payment had sufficient funds on deposit to meet it, constitutes sufficient proof of an acceptance of the check by the bank and renders it liable to the payee for the amount thereof.

3. INDORSEMENTS—*Authority to Make—Presumptions Regarding.*—Possession of a check affords no presumption of authority to indorse it, nor would authority to accept a check include either express or implied authority to indorse it, and the burden of showing the authority of a stranger to a check to indorse the same for the payee is upon the drawee if he would escape liability to pay it over again to the payee.

Transcript, from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

SLEEPER, MCCORDIC & BARBOUR, attorneys for appellant.

SPENCER WARD, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Superior Court rendered there upon an appeal from a similar judgment before a justice of the peace.

One H. L. Cooper drew his check upon the appellant for $63.25, payable to the order of appellee in settlement of an account, and delivered the same to the firm of Allan F. Gordon & Co., who, then and before, acted as agents of appellee in the sale of coal, and as to certain customers, not including Cooper, in making collections for coal sold by them.

Having received the check in question, Gordon & Co. indorsed the same by the name of appellee, " per Allan F. Gordon & Co., Agts.," and deposited it to the credit of their own account in the Oakland National Bank, and the same was duly paid by the drawee, the appellant, in the regular course of business through the clearing house.

Gordon & Co. subsequently became insolvent, and upon demand made upon Cooper, by appellee, for payment of the account for which the check had been delivered to Gordon & Co., Cooper produced the said check as an acquittance.

Such indorsement being claimed by the appellee to be unauthorized, this suit was brought to recover from the drawee bank as though the check had never been paid.

It is urged that it was error to allow an affidavit denying the execution of the indorsement, to be filed by the appellee after the evidence was closed.

We regard the point as being more technical than meri-

torious. So far as the record discloses, no objection on that score, to the evidence that had been adduced on the question of the indorsement being unauthorized, was made until the evidence on both sides was closed, and was then, for the first time, urged as an objection to a finding in favor of the appellee as plaintiff.

So soon as the objection was made, the court gave leave to the appellant, as defendant, to file the affidavit, which was, we think, in apt time.

The further objection that the justice of the peace had no right to enter judgment for the plaintiff for want of an affidavit denying the execution of the indorsement, and that the Superior Court could not remedy an omission of that kind before the justice, is frivolous, and if it were not, the point not being made in the Superior Court could not be made here for the first time.

It is next contended that there is no evidence that at the time the check was presented to appellant by the appellee for payment, there were funds to the credit of the drawer sufficient to pay the check.

It being made to appear that the bank paid the check upon its presentment, after the unauthorized indorsement by Gordon & Co., and charged the amount to the account of the drawer, who then had sufficient funds on deposit to meet it, and who afterward lifted the check in settlement with the bank, constituted sufficient proof of an acceptance of the check by the bank, in this suit brought by the payee against the bank. Jackson v. Bank, 92 Tenn. 154.

It is further argued that Gordon & Co. had authority to indorse the check and collect it. It might well be, that if Gordon & Co. had authority to make collections for coal they had sold for appellee, it would be immaterial whether they had express authority to indorse checks received by them in the course of making such collections—the payment to them of the check amounting, in such case, to a collection which they had authority to make, and the method or means of making such collection being something which their principal could not escape the effect of.

But the mere fact that Gordon & Co. had possession of the check affords no presumption of their authority to indorse it, nor would mere authority possessed by Gordon & Co. to accept checks from customers of appellee for coal sold, give to them either express or implied authority to indorse such checks by the name of appellee. And if the drawee of such a check pays the same upon an indorsement that is not genuine, or is not authorized, it does so at its peril, and the burden of showing the authority of the stranger to the check to indorse the same for the payee, would be upon the drawee, if it would escape liability to pay it over again to the payee. Jackson v. Bank, *supra*.

Whether there was any express authority to Gordon & Co. to indorse and collect checks delivered to them, but made payable to the appellee; or whether from the course of dealing between appellee and Gordon & Co., such authority might be implied, were questions which the Superior Court decided after full hearing and consideration, and we do not feel justified in overturning the conclusion there reached, but must affirm the judgment.