Sam Schmalhausen, Plaintiff in Error, v. Joe Zukowski, Defendant in Error.

Gen. No. 18,088.

1. JUDGMENTS, § 56*—*when court should grant application to open up confessed judgment.* An application to open up or to set aside a confessed judgment to permit a defense to the action is addressed to the equitable as well as the legal powers of the court, and where the petition supported by affidavit shows that the applicant has a legal defense, or one that is triable by a jury, the court should grant it, unless the applicant has been guilty of laches in filing his petition.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when confessed judgment may be opened up to permit defense.* Municipal Court has jurisdiction to set aside a confessed judgment on a motion made more than thirty days thereafter, if a sufficient petition supports such motion showing equitable grounds for setting aside the judgment.

3. SALES, § 327*—*when verdict for defendant in action for purchase price not sustained by the evidence.* In an action for a balance due on liquors sold by plaintiff to defendant, a verdict for defendant *held* manifestly against the weight of the evidence.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K.
BLAKE, Judge, presiding. Heard in the Branch Appellate Court at
the March term, 1912. Reversed and remanded. Opinion filed November 21, 1913.

FRANK FOSTER, for plaintiff in error.

COMERFORD & COHEN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the
court.

March 7, 1911, a judgment by confession was entered
on a note in the Municipal Court in favor of plaintiff
in error for $351.56. June 8, 1911, an order of the
court was entered vacating the judgment on motion of
defendant in error, Joe Zukowski, and allowing him to
defend the suit. September 25, 1911, a verdict and·
judgment were rendered in a jury trial in favor of the
defendant in error.

The first ground of reversal urged is that the Municipal Court was without jurisdiction to vacate the judgment by confession, because the motion to set aside
said judgment was made more than thirty days after
it was entered, and that under section 21 of the Municipal Court Act (J. & A. ¶ 3333) the order setting aside
the judgment and the second judgment are nullities.
That section provides as follows: "If no motion to
vacate, set aside or modify any such judgment, order
or decree (one final in its nature) shall be entered
within thirty days after the entry of such judgment,
order or decree, the same shall not be vacated, set
aside or modified, excepting upon appeal or writ of
error or by a bill in equity, or by a petition to said
Municipal Court setting forth grounds for vacating,
setting aside or modifying the same, which would be
sufficient to cause the same to be vacated, set aside or
modified by a bill in equity: *Provided*, however, that
all errors in fact in the proceedings in such case, which
might have been corrected at common law by the writ

of error *coram nobis* may be corrected by motion, or the judgment may be set aside in the manner provided by law for similar cases in the Circuit courts.''

No objection is raised to the sufficiency of the petition or affidavit suporting the motion to set aside the confessed judgment, and the contention that the Municipal Court has no jurisdiction to set aside such a judgment on a motion made more than thirty days thereafter is untenable, if a sufficient petition supports such motion showing equitable grounds for the setting aside of the judgment.    The statute itself is expressly against plaintiff in error's contention.    An application to open up or to set aside a confessed judgment to permit a defense to the action is in any case addressed to the equitable, as well as the legal powers of the court, and if the petition supported by affidavit shows that the applicant has a legal defense, or one that is triable by a jury, the court should grant it, unless the applicant has been guilty of laches in filing his petition.  *Custer v. Harmon,* 105 Ill. App. 76.

The note in suit was given to plaintiff in error by defendant in error for an alleged balance due on liquors sold and delivered.  The defense of defendant in error was that he sold the liquors of plaintiff in error as his agent on a salary a part of the time and a part of the time on a commission, and that the debt or the account was not owed by himself to plaintiff in error, but by the customers to whom defendant in error delivered the liquors; that he signed the note in question which was for the total debts of said customers and that there was no consideration to support the note.  Plaintiff in error contended that the liquors were by him sold and delivered directly to defendant in error and that defendant in error promised to pay for the same; that they had a settlement of their account on the day the note in question was given and agreed upon the amount due from defendant in error to plaintiff in error, and that on request defendant in error executed the note in settlement.  The contention

of the defendant in error was supported only by his own testimony, while plaintiff in error's case was supported by his books of account and the note, his own testimony, and in addition thereto by the testimony of three apparently disinterested witnesses, Maurice Garmisa, a liquor dealer, Edward Carpenter, a lawyer who wrote the note, and Thomas Daily, paying teller of the Calumet National Bank, all of whom testified that defendant in error said that he owed the debt to plaintiff in error and would pay it. Defendant in error was not a very strong witness in his own behalf. In testifying about giving the note he said: "This note was made out in Schmalhausen's place about ten o'clock in the morning. * * * I was taking out orders and he said, 'Give me a note or I arrest you.' This note was made at that time. Mr. Carpenter made it out. The orders of whiskey that I was taking out was for West Pullman and Kensington. About a week ago I want to quit. I owed $400.00. I bring in $400.00 and left $60.00." And again he testified: "I told Mr. Schmalhausen I could not pay, because they (the customers) tell me they cannot pay; if he can trust me, then I would trust them. When the customers paid the money to me, I brought it to Mr. Schmalhausen. When I delivered the goods, sometimes I made out the bills and sometimes the bookkeeper. * * * He got the names from my book. I gave him the addresses."

As the verdict is manifestly against the weight of the evidence, the judgment will have to be reversed, and as the cause must be again tried, we refrain from further comment on the merits of the evidence. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*