## Abraham Fiedler and Yetta Fiedler, Appellees, v. James F. Bishop, Administrator, Appellant.

### Gen. No. 21,400. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed April 12, 1916.

### Statement of the Case.

Action by Abraham Fiedler and Yetta Fiedler, plaintiffs, against James F. Bishop, as administrator of the estate of Anna Lietzau, deceased, defendant. Defendant appeals from a judgment of the Municipal Court denying his motion to vacate a judgment entered August 6, 1913, by confession against his decedent for $2,000 and $200 attorney's fees, on a judgment note dated Chicago, August 5, 1913, for $2,000, payable thirty days after date to the plaintiffs. An order was entered October 13, 1914, allowing the entry of a motion on behalf of defendant's administrator to vacate the judgment, and setting the hearing for October 23, 1914. On the same day, defendant filed his petition reciting the giving of the judgment note by his decedent August 5, 1913, for $2,000, and alleging upon information and belief that his decedent, on August 5, 1913, and for a long time prior thereto, and from thence until her death on August 18, 1915, was an habitual drunkard, and under medical treatment therefor; that on said 5th day of August, and for a long time prior thereto and from then until her death, her reason, mind and memory had been broken down by a long-continued course of excessive indulgence in intoxicating drinks; that for a long time prior thereto she was so frequently and continuously intoxicated that she did not clean her flat or cause it to be cleaned, nor the dishes used by her, and that for two weeks prior to

August 5th her condition had been such that she was unable to leave the flat; that plaintiffs supplied her with intoxicating liquors and that her condition was such that plaintiffs must have known that she was about to die shortly thereafter; that she did die on August 18th, on account of and because of the excessive use of the intoxicating liquors, of cirrhosis of the liver; that she was on the 5th day of August mentally incompetent to execute the note in question or to transact business; that at the time of signing the note she did not know the nature of the instrument signed by her, and that it was executed without any valuable consideration given therefor; that she did not thereafter remember that she had signed it, and that said note was fraudulently obtained by plaintiffs. Petitioner further represented that his first information or knowledge of these facts was obtained in July, 1914, when the attorney for one Lucille Kreplin, a minor, and Louisa Lietzau Geier, the only heirs at law of the decedent, informed him of them; that he verily believes that he has a good defense, and asks that the judgment be set aside and vacated, and that he have leave to file an affidavit of defense, and tenders the sum of $6 costs for a jury. Petitioner filed a number of affidavits tending to sustain the allegations as to his decedent's incapacity.

WALTER A. BRENDECKE, for appellant.

FRED W. KRAFT and GEORGE F. PFIRSHING, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. Judgment, § 58*—*when judgment by confession set aside.* On timely application to set aside a judgment by confession, it is the court's duty to allow defendant to plead if a meritorious defense is shown by proper affidavits.

2. Judgment, § 82*—*when affidavits sufficient to warrant granting of motion to set aside judgment by confession.* Affidavits on a motion to set aside a judgment by confession examined and *held* to set up a meritorious defense.

3. Judgment, § 82*—*when application to set aside judgment by confession not defeated by laches.* Affidavits on motion to set aside judgment by confession examined and *held* not to show such laches as to require the denial of the motion.