(No. 12452.—Reversed and remanded.)

R. C. FOSTER, Appellant, vs. EUGENIE GRAF, Appellee.

*Opinion filed April 15, 1919.*

1. APPEALS AND ERRORS—*opinion of Appellate Court may be examined.* Error cannot be assigned upon the opinion of the Appellate Court, but that court's opinion may be examined by the Supreme Court to determine whether the Appellate Court predicated its judgment solely upon an erroneous conception of law, and if so the judgment will be reversed and the cause remanded, with directions to consider the merits of the case upon the errors assigned.

2. SAME—*when it cannot be said that the Appellate Court found facts same as trial court.* Where it is apparent from the opinion of the Appellate Court that the court did not pass upon the real issues of fact settled by the trial court but passed upon an ultimate fact not in issue in the lower court and based its opinion solely upon an erroneous conception of law, it cannot be said that the Appellate Court found the facts the same as the trial court.

3. BILLS AND NOTES—*evidence that indorsement is not in handwriting of payee is prima facie proof that it is not valid.* The burden of showing the authority of a stranger to a check to indorse the same for the payee is upon the drawee or person who cashes the check if he would escape liability to pay it over again to the payee, as evidence that an indorsement is not in the handwriting of the alleged indorser is *prima facie* sufficient to justify a judgment based on the fact that the indorsement is not valid.

4. PRINCIPAL AND AGENT—*a party availing himself of act of agent must prove authority of agent.* A party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted.

5. EVIDENCE—*the rule of reasonable doubt is applicable to civil cases only where issues involve commission of crime by parties to suit.* The rule that in a civil suit, where it becomes necessary to the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, the offense must be proved beyond a reasonable doubt, cannot be applied unless the issues involve the commission of crime by one of the parties to the suit and not by a stranger thereto.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

DeFrees, Buckingham & Eaton, and Jas. C. Woodbury, (Don Kenneth Jones, of counsel,) for appellant.

M. M. Jacobs, for appellee.

Mr. Chief Justice Duncan delivered the opinion of the court:

Appellant, R. C. Foster, brought suit in the municipal court of Chicago to recover from appellee, Eugenie Graf, about $3000, the amount of fifty-six checks cashed by her for J. J. Ryan, the cashier and book-keeper of appellant. The trial court gave judgment against appellant on the verdict of the jury in favor of appellee. On appeal to the Appellate Court for the First District the judgment was affirmed and a certificate of importance granted, and this appeal followed.

The statement of claim alleged, in substance, that the indorsement of the appellant's name was forged upon certain checks in which he was payee; that the appellee cashed the checks under such forged indorsement and collected the proceeds thereof from the drawee banks, to the appellant's damage. Appellee's affidavit of merits alleged, in substance, that the checks in question were indorsed by appellant by J. J. Ryan, an employed clerk of appellant; that Ryan was authorized by appellant to indorse checks coming into his hands for the purpose of converting such checks into cash for the immediate use of appellant, and that appellee cashed said checks and paid the full face value thereof to Ryan, as such clerk.

Appellant has assigned as error that the Appellate Court refused to consider his assignment of error in that court that the verdict was manifestly contrary to the weight of the evidence; that it misconceived the law applicable to the case and applied an erroneous rule of law in deciding the case. He properly concedes that this court cannot review the facts.

The Appellate Court, in deciding the case, used this language: "It is contended by plaintiff that the verdict is clearly and manifestly against the weight of the evidence. However, under the law of this State, where a cause of action is based upon a crime, the degree of proof applicable to a criminal prosecution,—*i. e.,* proof beyond a reasonable doubt,—is required to sustain the verdict. * * * Therefore, unless we can say from an examination of the evidence that plaintiff has proven the forgery charged beyond a reasonable doubt, the judgment must be affirmed. * * * Certain witnesses testified to admissions made by plaintiff, in which he is alleged to have stated that Ryan was authorized to indorse checks generally. This testimony finds corroboration in the circumstance that the prosecution on the forgery indictment was abandoned and that Ryan was subsequently sentenced on a plea of guilty to the charge of embezzlement, and in the opinion of the majority of this court raises at least a reasonable doubt as to the guilt of Ryan of the crime of forgery. In this view of the case it becomes unnecessary to consider the other errors assigned by plaintiff. Accordingly the judgment will be affirmed."

It clearly appears from the opinion of the court that it decided the case upon the theory of the law that appellant was required to prove that Ryan had committed the crime of forgery in indorsing appellant's name on the checks, beyond a reasonable doubt, before he could recover, and that its decision was based solely upon the ground that the majority of the court entertained a reasonable doubt that Ryan had committed such crime of forgery, and affirmed the judgment for that reason solely and declined to consider the errors assigned in that court by appellant. If the Appellate Court was in error in holding that it was incumbent on appellant to prove the forgery of Ryan beyond a reasonable doubt, it is clear that appellant has not had the real issues passed upon by the Appellate Court, and that the

287 – 36

error complained of in this court by appellant is one of law committed by the Appellate Court in its decision.

It is insisted by appellee that in the judgment of the Appellate Court there is no error that can be reviewed by this court and that error cannot be assigned upon the opinion of the Appellate Court. It is true that error cannot be assigned upon the opinion of the Appellate Court, but the opinion of the Appellate Court may be examined to determine whether that court predicated its judgment solely upon an erroneous conception of the law. If that court commits such an error this court will reverse the judgment and remand the cause to that court, with directions to consider the errors assigned upon the merits. *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478; *Great Western Oil Co.* v. *Chicago, Milwaukee and St. Paul Railway Co.* 275 id. 56; *O'Connor* v. *Evanston High School District,* 285 id. 120.

The burden of showing the authority of a stranger to a check to indorse the same for the payee is upon the drawee or person who cashes the check, if he would escape liability to pay it over again to the payee after paying it upon an indorsement showing, upon its face, that it was not made by the payee. A party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted. (*Schroeder* v. *Harvey,* 75 Ill. 638; *Jackson Paper Manf. Co.* v. *Commercial Nat. Bank,* 199 id. 151.) In a civil case, evidence that an indorsement is not in the handwriting of the alleged indorser is *prima facie* sufficient to justify a judgment based on the fact that the indorsement is not a valid indorsement of the payee. (*Hamlin's Wizard Oil Co.* v. *United States Express Co.* 265 Ill. 156.) Such proof casts the burden upon the defendant to prove, by a preponderance of the evidence, that the indorsement is genuine or authorized. The statement of claim does not charge anyone with forgery. It does not even mention the name of Ryan. It merely charges that

the indorsement was a forgery. Appellee was not called upon to defend herself against such a charge and there is no claim that she was. It has been held by this court that where in a civil suit, under the pleadings, it becomes necessary to the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, such offense must be proven beyond a reasonable doubt. (*Grimes* v. *Hilliary*, 150 Ill. 141.) It has never been held by this court, so far as we are aware, that a crime charged against a stranger to the suit must be proved beyond a reasonable doubt. In civil actions, unless the issues involve the commission of crime by some of the parties thereto, the application of such a rule is unauthorized by the law of evidence. (*Seybolt* v. *New York, Lake Erie and Western Railway Co.* 47 Am. Rep. 75.) There is no good reason for holding that the criminal charge against a stranger to the suit must be proved beyond a reasonable doubt. He is in no way bound by the judgment in such a case.

It is argued by appellee that the jury were correctly instructed by the lower court on the issues in this case, and that for that reason the judgment of the Appellate Court ought to be affirmed as it affirmed the lower court. This does not change the fact that the Appellate Court did not pass upon the real issues of fact settled by the lower court but passed upon an ultimate fact not in issue in the lower court and based its decision upon an incorrect rule of law. It cannot, therefore, be said that the Appellate Court found the facts the same as the lower court.

For the reasons aforesaid the judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to consider the errors assigned upon the merits in accordance with the views herein expressed.

*Reversed and remanded, with directions.*