**Wilson Grocery Company, Plaintiff in Error, v. National Surety Company, Defendant in Error.**

**Gen. No. 6,595.**

1. APPEAL AND ERROR, § 824*—*what need not be included in bill of exceptions.* Since the amendment of section 81 of the Practice Act in force July 1, 1911 (J. & A. ¶ 8618), it is not necessary that formal exceptions to rulings of the court be embodied in the bill of exceptions to preserve the rulings of the court for review.

2. APPEAL AND ERROR, § 1078*—*when cross errors are necessary.* On a writ of error, defendant in error, who did not assign cross error, cannot complain that the trial court erred in referring the case under section 68 of the Practice Act (J. & A. ¶ 8605).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wilson Grocery Co. v. National Surety Co., 218 Ill. App. 584.

3. REFERENCE, § 9*—*when exceptions to report warrant jury trial.* Where exceptions are filed by defendant to the referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), the trial court properly grants a jury trial as to each item found against, even though the exceptions are vague and general and merely state that each item is incorrect.

4. REFERENCE, § 9*—*what objections to evidence are proper.* On a trial before the jury as to items excepted to in the referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), in which neither the motion nor the order directed the referee to report the evidence, an objection to the introduction of the referee's report of the evidence heard before him is properly sustained.

5. REFERENCE, § 9*—*how jury trial is conducted.* The provision in section 68 of the Practice Act (J. & A. ¶ 8605) that exceptions before the jury shall be tried "as other cases" means "as in other cases at law."

6. REFERENCE, § 9*—*what parties must show in trial before jury.* On the trial of exceptions to a referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), the parties must produce their witnesses and documentary evidence before the jury, if they desire such proof to be presented, except where depositions have been taken pursuant to the statute on that subject.

7. APPEAL AND ERROR, § 878*—*when abstract of evidence' is required.* On a writ of error to review a ruling sustaining an objection to the referee's report of the evidence on the trial before the jury of the exceptions to the referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), the court is not required to pass upon the competency of such evidence where it is not abstracted.

8. TRIAL, § 68*—*when offer of evidence is improper.* Objection to plaintiff's offer of his own evidence while cross-examining defendant's witness is properly sustained.

9. APPEAL AND ERROR, § 1498*—*when exclusion of evidence is harmless.* Any error in excluding evidence to show that a certain entry did not appear on a certain page in plaintiff's cashbook, offered in evidence by plaintiff while cross-examining defendant's witness, is harmless where such fact was admitted by the witness at another point in his cross-examination.

10. ASSUMPSIT, § 92*—*when instruction is properly refused.* An instruction asked by plaintiff in an action of assumpsit that defendant's failure to produce a certain paper pursuant to plaintiff's demand, defendant's counsel stating that they did not have it, operated unfavorably to defendant, is properly refused where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence makes it probable that such paper was in the possession of a third person.

11. REFERENCE, § 9*—*what instructions to jury are properly refused.* On the trial before the jury of the defendant's exceptions to the referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), an instruction which places upon defendant the burden of overcoming the report by the greater weight of the evidence is properly refused.

12. REFERENCE, § 9*—*when verdict for defendant is proper.* On the trial before the jury of defendant's exceptions to the referee's report in a case referred under section 68 of the Practice Act (J. & A. ¶ 8605), if, after treating the report as prima facie proof of the facts therein found and reported, the jury find the evidence is evenly balanced upon plaintiff's allegations, the verdict should be for the defendant.

13. INDEMNITY, § 24*—*when instruction as to evidence is properly refused.* In an action of assumpsit on an indemnity bond securing plaintiff against loss by reason of the dishonesty, larceny, embezzlement by its cashier, an instruction that if funds were collected through the cashier's department which were not accounted for to plaintiff, the legal presumption was that such cashier dishonestly appropriated the funds, is properly refused where the evidence shows that the cashier was frequently absent from his department and that at least seven other persons worked there at different times when he was absent.

14. INDEMNITY, § 24*—*what proof by defendant is required.* In an action on a bond securing plaintiff from loss by the dishonesty, etc., of its cashier, defendant is not required to overcome plaintiff's proof by the greater weight of the evidence.

15. INSTRUCTIONS, § 67*—*when assumption of facts is error.* An instruction assuming as a fact a matter concerning which the evidence is conflicting, is properly refused.

16. EVIDENCE, § 51*—*what evidence is necessary to establish crime.* When a crime is charged in a civil action, it must be proved beyond a reasonable doubt, except where the person accused is not a party to the suit, but is a stranger to the record.

17. INDEMNITY, § 24*—*what evidence is required where crime is involved.* In an action on an indemnity bond securing plaintiff against loss by the dishonesty, etc., of its cashier, the declaration in which practically charges the cashier with the crime of embezzlement, plaintiff is not required to prove by "a clear preponderance of the evidence" that the cashier, who, though originally a defendant, was dismissed from the suit before the amended declaration was filed, was guilty of embezzlement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

18. INDEMNITY, § 24*—*when instruction as to preponderance of evidence is proper. Semble, that in an action on an indemnity bond securing plaintiff against loss by the dishonesty, etc., of its cashier, the declaration in which practically charges the cashier, who is not a party, with the crime of embezzlement, an instruction requiring plaintiff to prove its case by a preponderance of the evidence is proper.

19. REFERENCE, § 9*—*what instruction as to evidence is erroneous. On a jury trial of the exceptions filed to the referee's report in an action on an indemnity bond securing plaintiff against loss by the dishonesty of its cashier, an instruction that "plaintiff must prove by positive affirmative evidence that the defendant is liable to the plaintiff," is erroneous.

Error to the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed June 29, 1920.

STEVENS, MILLER & ELLIOTT, for plaintiff in error.

SCHOLES & PRATT, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an action of assumpsit brought by the Wilson Grocery Company, hereinafter called plaintiff, against the National Surety Company, hereinafter called defendant, upon a contract of indemnity executed by defendant, to secure plaintiff against any act of personal dishonesty, forgery, theft, larceny, embezzlement, wrongful conversion or abstraction, by plaintiff's cashier, William R. Bootz, after July 1, 1915, and before the termination of the contract. Plaintiff filed a declaration which charged Bootz with personal dishonesty, embezzlement, etc., while the contract was in force. Bootz was originally made a defendant, but plaintiff afterwards dismissed the suit as to him, and filed an amended declaration. Defendant filed the general issue and eight special pleas. Plaintiff replied to the special pleas. A statement of the defenses set up in the special pleas is unneces-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sary at the present time. The cause was sent to a referee under section 68 of the Practice Act (J. & A. ¶ 8605), the first sentence of which is as follows:

"All actions in which matters of account are in controversy, may, by the order of the court, be referred to some competent person or persons as a referee or referees to state and report an account between the parties, and the amount that may be due from either party to the other, which report, when confirmed by the court, shall be final and conclusive between the parties and judgment entered thereon and execution issued in the manner provided by law in cases of arbitration and award, but either party may, within ten days after notice of the filing of the report, file exceptions thereto and demand a trial, in which case the action shall be tried as other cases, and upon such trial the report of the referee or referees shall be prima facie evidence of all the facts therein found and reported; and no other exceptions shall be considered on the trial than those filed as above provided."

The referee filed a detailed report, finding for plaintiff in various sums amounting to a total of $2,004.70, and with his report he filed a copy of the evidence he had heard upon the reference. Plaintiff moved for judgment on the award. Defendant moved to strike the report from the files. Defendant also filed exceptions to the report and demanded a jury trial. The court denied the motions and granted a jury trial. The jury found for defendant. Plaintiff moved for a new trial and that motion was denied. Defendant had judgment. Plaintiff sued out a writ of error from this court to review said proceedings. We affirmed the judgment and afterwards granted a rehearing.

Defendant contends that most of the questions argued by plaintiff are not preserved for review because exceptions to the ruling of the court are not embodied in the bill of exceptions. Such exceptions are not

required since amended section 81 of the Practice Act went into force on July 1, 1911 (J. & A. ¶ 8618). *Miller v. Anderson,* 269 Ill. 608, and later cases.

It is argued by defendant that this was not a proper case for a reference under section 68 of the Practice Act. Defendant has not assigned cross error. Hence it cannot complain of the reference. This question is not raised by the record.

Plaintiff moved to strike defendant's exceptions from the files on the ground that they were too vague and general. Each of the first fourteen exceptions sets out that particular portion of the report by which the referee reached one particular item of the account, and excepts thereto. The defendant does not therein expressly state why he excepts to that part of the report, but we understand defendant to mean thereby that defendant claims that the proof did not warrant that conclusion. The fifteenth exception states the amount of each item which the referee allowed against defendant, and a name to identify the item, and states as the ground of exception that said items are each incorrect. The statute does not authorize the court to hear and pass upon these exceptions, but as to the items excepted to the court must submit them to a jury. No doubt in ordinary cases under this statute, there will be many items not excepted to and which therefore will stand as allowed, and in that way the inquiry may be limited to a few items. Whether it was wise for plaintiff to ask this reference is not for us to decide. We are of opinion the court properly granted a jury trial as to each item which the report found against defendant.

On the trial before the jury plaintiff offered the referee's report of the evidence heard before him. The court sustained an objection to the offer. The statute above quoted does not provide that the referee shall report the evidence to the court. The motion by plaintiff for a reference did not ask that the

referee be directed to report the evidence which he might take. The order of the reference did not direct the referee to report the evidence. The statute does not provide that at the jury trial therein authorized the evidence taken by the referee shall be admissible before the jury. All it does provide is that the report of the referee shall be prima facie evidence of all the facts therein found and reported. If the legislature had intended that the evidence taken before the referee should also be competent as evidence at the later jury trial, we think it would have been so stated in the Act. As it was not so stated we conclude it was not so intended. We approve the conclusion on this subject reached by the Appellate Court for the Third District in *Hawkyard v. Suttle*, 188 Ill. App. 168. It is provided in said statute that the trial before the jury shall be "as other cases," which means "as in other cases at law." We are of opinion that the parties were required to produce their witnesses and documentary evidence before the jury, if they desired the jury to hear that proof, except where depositions had been taken pursuant to the statute on that subject. Moreover, the evidence taken before the referee and so offered by plaintiff is not abstracted, and therefore we are not required to determine its competency. After the court rejected said offer by plaintiff, it permitted plaintiff to introduce further proof. If plaintiff did not wish to rest on the referee's report, it was given leave to call such witnesses and offer such books and documents as it desired. Plaintiff availed itself of this opportunity to a very slight extent. We find no error in the rulings on this subject. When plaintiff's counsel was cross-examining Bootz, plaintiff offered page 12 of its cashbook to show that a certain check of Jobst-Bethard Company for $647.09 did not appear on that page under date of August 12, 1914. The court sustained an objection to that offer. Plaintiff had no right to introduce its own evi-

dence while cross-examining defendant's witness, and the objection was properly sustained. Besides, Bootz admitted during said cross-examination that said page was in his handwriting and that said check did not appear on that page, so it was not important to plaintiff to have said page in evidence to establish the admitted fact.

The instructions are not numbered, and those of which complaint is made are too lengthy to warrant insertion in this opinion. We therefore must refer to them in a very general way. Before this suit was brought there was a meeting at which Bootz and representatives of plaintiff and of defendant were present, and figures concerning the financial matters relating to Bootz were set down on a piece of paper and that paper was carried away, either by Bootz or by the representative of defendant. At the trial plaintiff's counsel demanded the paper and defendant's counsel stated that they did not have it. The court refused an instruction requested by plaintiff that this operated unfavorably to defendant. The instruction was so framed as to make the court tell the jury as a fact that the paper was delivered to defendant. This the court had no right to do. The evidence makes it probable that Bootz carried away the paper. He was not a party at the time of the trial. Defendant could not be compelled to produce a paper which Bootz had. Bootz should have been served with a subpoena to produce the paper. If he did not comply that could not give rise to any inference unfavorable to defendant. The court properly refused the instruction.

The court refused an instruction requested by plaintiff, which placed upon defendant the burden of overcoming the report by the greater weight of the evidence. In our opinion, if, after treating the referee's report as prima facie proof of the facts therein found and reported, the jury find the evidence is evenly bal-

592    APPELLATE COURTS OF ILLINOIS.

Wilson Grocery Co. v. National Surety Co., 218 Ill. App. 584.

anced upon the allegations made by plaintiff, the verdict should be for defendant.

The court refused an instuction requested by plaintiff that if funds were collected through the department of Bootz which were not accounted for to plaintiff, the legal presumption was that Bootz dishonestly appropriated said funds, unless the greater weight of the evidence proved that Bootz did not receive the same. The plaintiff showed that Bootz was stationed in a department where he received cash and checks and disbursed cash and made entries in a cash book; but Bootz had other duties to perform in other parts of plaintiff's store, and in the performance of those duties he was often absent from that department, and he was generally absent therefrom during the noon hour. The proof showed that at least seven other persons occupied and worked in that department at different times when Bootz was absent therefrom. Under this state of the proof there was no such presumption as the instruction stated, from the mere fact that funds were collected in that department which were not accounted for to plaintiff. Also, defendant was not required to overcome plaintiff's proof by the greater weight of the evidence. This instruction was properly refused.

The court had refused to admit the report as to certain items, amounting to $299.98, and they were not otherwise proved, and the court amended an instruction requested by plaintiff so as to give effect to that ruling, and also to eliminate the proposition that defendant was required to overcome the report by the greater weight of the evidence. We approve these rulings. But that proposition was incorrectly retained in at least one instruction given for plaintiff.

The contract sued on required plaintiff, within 90 days after any loss thereby secured, to produce for investigation all books, vouchers and evidence in plaintiff's possession. Plaintiff requested an instruc-

tion which, among other things, said that plaintiff had done all that the contract required of it in submitting books to the defendant. The court modified that instruction by striking out the statement about the books. The evidence was in conflict as to whether plaintiff had complied with that provision, and that was a question for the jury which the court properly refused to take from them.

In some of the instructions given at the request of defendant the jury were told that plaintiff must prove its case by a preponderance of the evidence, but in two instructions given at the request of defendant the jury were told that plaintiff must prove its case "by a preponderance of the evidence." The amended declaration practically charged Bootz with the crime of embezzlement. The general rule is that crime when charged in a civil suit must be proved beyond a reasonable doubt. *People ex rel. Deneen v. Sullivan,* 218 Ill. 419. *McInturff v. Insurance Co. of North America,* 248 Ill. 92. If this rule is applicable here, several other instructions on each side are incorrect, for they only require plaintiff to prove its case by a preponderance of the evidence. But we regard this as qualified by *Foster v. Graf,* 287 Ill. 559, where it is held that this rule does not apply where the person accused of the crime in the pleadings and evidence is not a party to the suit but is a stranger to the record. Bootz, though originally a defendant, was dismissed from the suit before the amended declaration was filed. There is a sense in which Bootz is not a stranger to the record, for the entire litigation centers around his conduct, and whether he was personally dishonest and embezzled or misappropriated his employer's funds. But in *Foster v. Graf, supra,* Ryan, a clerk of appellant, had indorsed the name of appellant on the back of the checks payable to the latter, which appellee had cashed, and the question was whether Ryan had authority to indorse his employer's name on the

594    APPELLATE COURTS OF ILLINOIS.

Wilson Grocery Co. v. National Surety Co., 218 Ill. App. 584.

back of said checks, or whether he forged said signature. If he forged them he was guilty of a crime, and the case turned on the question whether, Ryan, a clerk of the payee of the checks, was guilty of forgery. The cases do not seem different in principle. If we are right in this, then it was error to give said two instructions for defendant which required plaintiff to prove its case by "a clear preponderance of the evidence." Indeed, counsel for defendant only claim that plaintiff should prove its case by a preponderance of the evidence, and thereby practically concede that said instructions are erroneous. *Crabtree v. Reed,* 50 Ill. 206; *McDeed v. McDeed,* 67 Ill. 545; *Lenning v. Lenning,* 176 Ill. 180; *Nelson v. Fehd,* 203 Ill. 120; 38 Cyc. 1755.

In another instruction given at the request of defendant the jury were told that to enable plaintiff to recover damages against defendant, "plaintiff must prove by positive affirmative evidence that the defendant is liable to the plaintiff." This was very injurious to plaintiff, for plaintiff's case was not supported by "positive affirmative" evidence, and in the very nature of the case plaintiff could not produce such proof, but its evidence consisted of many facts and circumstances which it was claimed tended to incriminate Bootz as charged in the declaration. The jury would not be likely to consider the referee's report as "positive affirmative evidence," but quite the contrary.

As the judgment must be reversed and a new trial awarded for the errors indicated, we deem it not necessary or proper to discuss the evidence, which is likely to be much more complete at another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

NIEHAUS, J., took no part.