## Felippo DiCenso and Teresa DiCenso, Appellants, v. Charles G. Wineteer, Appellee.

1. REFERENCE—*propriety of rendering judgment on referee's report where no objections raised.* A final judgment against plaintiffs was properly rendered upon the report of a master to whom was referred a cause in assumpsit for an accounting where the master's report found that defendant had disbursed on account and behalf of the plaintiff's a greater sum than he had received and where the plaintiff's made no specific objections to the report raising any questions of fact and demanded no trial by jury.

2. SAVING QUESTIONS FOR REVIEW—*necessity for exceptions to judgments on referee's report.* The sufficiency and competency of evidence introduced in an action before a referee cannot be questioned on appeal by the plaintiff's where no specific exceptions were taken by them from the rendition of judgment on such report.

DiCenso et al. v. Wineteer, 227 Ill. App. 98.

Appeal by plaintiffs from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922.

A. MORRIS WILLIAMS, for appellants.

EDWARD F. IRWIN and OSCAR J. PUTTING, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a judgment in favor of the appellee, Charles G. Wineteer, in the circuit court of Sangamon county. The action was in assumpsit and brought by the appellants, Felippo DiCenso and Teresa DiCenso, against the appellee to recover money alleged to be due from the appellee on an accounting. The declaration charges that under certain articles of agreement, which are set forth in the declaration, the appellee took over and had charge of certain property of the appellants and collected the rents and profits thereof. In accordance with the order of the court the appellants filed a bill of particulars, setting forth the various items constituting their claim against the appellee. In defense of the suit the appellee filed the general issue and special pleas, alleging a settlement of the appellants' claim and set-off. Issues were joined on the various pleas, and thereafter the matters of account involved were referred to the master in chancery, as referee, under section 68 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 68], to ascertain and state the account between the parties and report the same to the court. The master in chancery, as referee, took the evidence and made his report, stating the account. The report finds that the appellee had paid out concerning the properties involved $637.47 more than he had received while he was in charge for appellants under the articles of ·

agreement referred to, and that therefore nothing was due to the appellants. The appellants filed objections to the report of the referee, which were afterwards allowed by the court to stand as exceptions to the referee's report.

There were four exceptions filed, all of them general in their character. The first exception was because the referee had found the amount due to the plaintiffs to be $11,544.63; the second exception was taken because the referee had found that the appellee had paid out and disbursed on account of and on behalf of the appellants the amount of $12,182.10; the third exception was an objection to the finding of the referee concerning two items listed in the appellants' bill of particulars, which it is claimed were not properly chargeable against the appellee; the fourth exception was to the effect that the referee had not found any fact or facts consistent with the testimony in the cause. None of the exceptions raised any question of fact to be tried by a jury. The court overruled the exceptions and confirmed the referee's report and rendered judgment in bar of the plaintiffs' suit. From this judgment an appeal is prosecuted.

It is contended by the appellants that the judgment was erroneously entered and should be reversed. Under the section of the Practice Act, which directly applies to the matters in controversy, the appellants had the right to contest the accuracy of the account stated by the referee, and by filing specific objections to the report and could raise questions of fact for a trial by jury on issues thus made. None of the exceptions, however, was specific nor raised any question of fact and appellants did not demand any trial by jury. In this state of the record it was proper to render a judgment upon the report of the referee, which judgment is final and conclusive between the parties under the section of the Practice Act referred to. *Continental Beer Pump & Plumbing Co. v. George J. Cooke Co.,*

299 Ill. 104. And appellants are not in position on appeal to raise questions concerning the sufficiency or competency of the evidence before the referee. *Wilson Grocery Co. v. National Surety Co.*, 218 Ill. App. 584. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*