276     APPELLATE COURTS OF ILLINOIS.

Sussman v. Massachusetts Bond. & Ins. Co., 230 Ill. App. 276.

## David Sussman et al., trading as Sussman Brothers, Appellees, v. Massachusetts Bonding & Insurance Company, Appellant.

1. INDEMNITY—*sufficiency of evidence of larceny by night watchman to raise issue of fact.* It was a question of fact for the jury whether or not a night watchman had been guilty of larceny within the meaning of a contract to indemnify merchants for any pecuniary loss by any act of larceny or embezzlement of such watchman, where there was evidence tending to show that such watchman had knowingly permitted other persons to come to his employers' store, steal large quantities of goods therefrom, although there was no direct evidence that he had stolen anything; and it was not error to refuse to direct a verdict for defendant in an action on such contract.

2. HARMLESS ERROR—*when admission of evidence as to loss under contract of indemnity not reversible error.* It was not reversible error, in an action by merchants on a contract indemnifying them against pecuniary loss by larceny by a night watchman, to admit in evidence an itemized list of goods claimed to have been taken from the store, with the value of each article listed thereon and the total value of all the goods, before any evidence had been given that anything had been stolen and without any direct evidence that such watchman had stolen anything, where plaintiffs had otherwise proven the value of the goods taken, and a motion to exclude plaintiffs' testimony with reference to goods missing or stolen, which was overruled, did not specifically mention the list.

3. INDEMNITY—*when loss by felonious act need not be proven beyond reasonable doubt.* In an action by merchants on a contract indemnifying them for any pecuniary loss by any act of larceny or embezzlement by a specified night watchman, it is not incumbent upon them to prove beyond a reasonable doubt that such watchman was guilty of larceny, where it was not charged in the pleadings that any party to the action was guilty of such offense.

4. INDEMNITY—*instruction defining larceny by accessary based on legitimate inference not erroneous.* In an action on a contract indemnifying plaintiffs against pecuniary loss by larceny by a night watchman, it was not error to instruct, in substance, that such watchman would be guilty of larceny as a principal if he knowingly permitted other persons to steal his employers' goods from the store, where it is conceded that such an inference could be drawn from the evidence.

Sussman v. Massachusetts Bond. & Ins. Co., 230 Ill. App. 276.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

MAURICE V. JOYCE and LEAHY, SAUNDERS & WALTHER, for appellant.

T. M. WEBB, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellees recovered a verdict and judgment for $2,000 upon a contract of indemnity executed by appellant to reimburse them for such pecuniary loss as they might sustain by reason of any act or acts of larceny or embezzlement on the part of Joseph Murphy, their night watchman. The declaration charged that appellees sustained a loss of personal property of more than $2,000 by and through the act or acts of larceny and embezzlement on the part of said employee, and appellant pleaded the general issue.

Appellees conduct a wholesale and retail store in the City of East St. Louis and on February 21, 1922, the date of the contract sued on, Joseph Murphy was their night watchman at said store and continued until March 25. He was on duty each night from 7 p. m. to 7 a. m. and was not authorized to admit any one to the store except certain bakers who were employed by appellees in their bakery located on an upper floor of the building. The bakers could not enter until the door was unlocked by Murphy. They had occasion to come downstairs during the night to get supplies out of the refrigerator on the first floor, such as yeast, cheese and butter, that could not be kept in the heated bakery.

Appellees began to miss portions of their merchandise and finally on March 12 they took an inventory of all bulk goods, tobacco, cigars and case goods. They

kept account of sales of such goods and the receipt of new goods of that character and took a second inventory on March 24 and found that $5,839.96 worth of goods were missing.

Henry Mayberry testified that at the time in question he was in the employ of appellees in the bakery department and had worked in that capacity for two years and a half. He went on duty at 9 p. m. and worked until 5:30 a. m. He would go to the store, knock on the door and Murphy would open the door and admit him. He says that between the 12th and 24th of March, 1922, he frequently went down to the first floor to get yeast, cheese or butter for the bakery; that on several occasions he saw Murphy there with a number of strange men; that sometimes they were drinking and at other times they were sitting around and talking or walking around; that in some instances the back door was open; that on three or four occasions he saw trucks standing outside the back door when the men were in the store with Murphy; that sometimes when he went back upstairs to the bakery he looked out the window and saw and heard the trucks as they were moved; that he heard the elevator running and heard the back door slam and other noises on the first floor.

Appellant offered no evidence and at the close of appellees' evidence moved the court for a directed verdict. The motion was overruled and appellant's main contention is that the court erred in its ruling thereon. It is argued that the evidence does not conclusively show, to the satisfaction of an unbiased mind, that any goods were stolen from the store; that it does no more than to cast on Murphy a mere suspicion that is not well-grounded.

Counsel say: "In fact it does not appear to be claimed that Murphy stole anything; the greatest inference that could be at all gathered from Mayberry's story would be that somebody else came with trucks,

loaded up material in great quantities and hauled it away, with Murphy's knowledge at the time.''

If that is a legitimate inference, then there was evidence from which the jury would be warranted in finding that Murphy was guilty of larceny. He was employed to watch and protect the goods, and if he stood by and permitted others to steal them he would be an accessary before the fact and just as guilty of larceny as those who actually did the stealing. It is apparent, from the admission of counsel, that the evidence was sufficient to make it a question of fact for the jury.

Appellant contends that the court erred in admitting exhibit ''D'' in evidence. It is an itemized list of the goods claimed to have been taken from the store and was identified by one of appellees. The value of each article is indicated and shows a total of $5,839.96. The abstract shows that before said exhibit was offered in evidence the witness Sussman had testified, both on direct and cross-examination, and without objection, that the amount of goods found to be missing was $5,839.96. It further appears that said exhibit was offered in evidence before the witness Mayberry had testified. When offered, counsel said: ''We object to that document, because according to all of his testimony, it does not represent losses, and it does not tend to prove any issue in the case. It does not represent goods stolen.'' The court then stated that up to that time there was no evidence that anything was stolen, but he supposed they would follow it up but, if they did not it would be ruled out. At the close of appellees' evidence, counsel moved the court to exclude all of the evidence of Sussman and Goldberg with reference to the goods missing, or goods that were stolen, for the reason that no showing was made that they were taken by Joseph Murphy. Exhibit ''D'' was not particularly mentioned and the motion was overruled. We are of the opinion that the exhibit was not subject to the objections urged against it at the

trial but, even if it were, its admission was not reversible error.

It seems to be seriously contended that because the declaration charged that Mr. Murphy was guilty of a criminal offense it was incumbent upon appellees to prove the charge beyond all reasonable doubt. Counsel seem to have thought otherwise at the time the case was tried. By their second and third given and their ninth and tenth refused instructions, they took the position that proof by a preponderance of the evidence would authorize a recovery. In any event the rule now contended for does not apply to this case because it is not charged in the pleadings that a party to the suit was guilty of a criminal offense. The rule applies only to cases where a party to the suit is so charged. *Wilson Grocery Co. v. National Surety Co.,* 218 Ill. App. 584; *Foster v. Graf,* 287 Ill. 559; *Waggoner v. Clark,* 293 Ill. 256-262; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464-474.

It is contended that the court erred in instructing the jury that although they might believe from the evidence that Joseph Murphy did not personally take or remove any property from the premises of the plaintiffs, still, if they further believed, from the greater weight of the evidence, that he unlocked the doors of the store and allowed and permitted others to enter said store, and then stood by and aided, abetted or assisted such persons to feloniously take and remove property of the plaintiffs from said premises in violation of his duties, and knowing such property was being feloniously stolen, then the law charges him as a principal in the commission of said act. This instruction simply informed the jury as to the law with reference to an accessary before the fact. As we have already shown, counsel conceded that such an inference could be drawn from the testimony of the witness Mayberry. It cannot be said, therefore, that there was no evidence upon which to base that instruction.

Finding no reversible error in the record the judgment is affirmed.