**W. C. Handley, Appellee, v. James Wilson and John T. Wilson, Appellants.**

**Gen. No. 31,057.**

1. JUDGMENTS—*sufficiency of affidavit supporting motion to vacate judgment by confession to raise issue of fact warranting granting of motion.* A motion to vacate a judgment entered by confession upon a judgment note against the infant maker thereof, and another who was alleged to have guaranteed payment of the note by indorsement thereof, was erroneously denied where the power of attorney to confess judgment was concededly void as to the infant maker, and the affidavit of the defendant held as indorser denied that he indorsed or signed the note and that the signature on the back thereof was his.

2. JUDGMENTS—*when motion to vacate judgment by confession not barred by laches.* One against whom judgment by confession has been entered upon a judgment note which he was alleged to have signed as indorser and guarantor was not guilty of such laches in moving to vacate the judgment as to warrant denial of his motion where his supporting affidavit alleged that the purported signature of his name on such note was a forgery, and that he had no knowledge of the entry of the judgment against him until 20 days thereafter, when he received notice that his property was to be offered for sale in satisfaction of such judgment, and his motion to vacate was made on that day.

3. JUDGMENTS—*discretion of court as to vacation of judgment entered by confession under power of attorney.* A motion to vacate a judgment entered by confession is one addressed to the sound discretion of the court, and calls for the exercise of the equitable power of the court over its own judgments.

4. JUDGMENTS—*right of judgment debtor to relief from judgment entered by confession under void power of attorney.* A judgment entered by an unauthorized power of attorney to confess judgment is void for want of power to confess it, and a defendant injured thereby may have the judgment set aside on motion.

Appeal by defendants from the Municipal Court of Chicago; the Hon. CHARLES F. MCKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed October 11, 1926.

WILLIAM E. RODRIGUEZ, for appellants; ELMER C. ANDERSON, of counsel.

NUTTALL & CHISM, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal defendants seek the reversal of an order denying their motion to vacate and set aside a judgment for $592.54 entered against them by confession on a judgment note, and for leave to defend against the action.

The affidavit in support of the motion alleges that James Wilson, the maker of the note in question, was at the time of its execution a minor, namely, 19 years of age; that the note was given in part payment for

an automobile which was not a necessity to him and which he returned to the seller the day after the execution of the note. In the eyes of the law, he was an infant, and while his note or contract of purchase of the automobile was voidable, his power of attorney to confess judgment was void. *Cole v. Pennoyer,* 14 Ill. 160; *Lewis v. Conrad Seipp Brewing Co.,* 63 Ill. App. 349; *Fuqua v. Sholem,* 60 Ill. App. 140. The judgment must therefore be reversed as to him.

This seems to be conceded by plaintiff, who says that as the judgment is severable it is good as to John T. Wilson, who guaranteed the payment of the note by indorsement. By his affidavit John T. Wilson denies that he indorsed or signed the note in any manner, and says that the signature on the back of the note is not his. This presented a vital question of fact which he was entitled to have tried and his motion should have been allowed.

It was not necessary to allege that the note was indorsed without his authority. Evidence that the indorsement is not in the handwriting of the purported indorser is prima facie proof that it is a forgery and the indorsement invalid. *Hamlin's Wizard Oil Co. v. United States Express Co.,* 265 Ill. 156; *Foster v. Graf,* 287 Ill. 559. The burden of showing the authority of a person to sign another person's name to a note or check is upon the person claiming such authority. *Commercial Nat. Bank of Chicago v. Lincoln Fuel Co.,* 67 Ill. App. 166; *First Nat. Bank of Morrison v. Bressler,* 38 Ill. App. 499.

It is suggested that John T. Wilson is guilty of laches. The judgment was entered August 8, 1925. By his affidavit he says that the first notice he received that the judgment had been entered against him was October 8, 1925, when he received notice from the bailiff of the municipal court that his property would be offered for sale on October 28, 1925. The motion was on that day. We do not think the interval of 20

days amounted to laches. *Schmalhausen v. Zukowski,* 183 Ill. App. 305; *Fiedler v. Bishop,* 198 Ill. App. 558.

The application to set aside a judgment entered by confession is addressed to the sound discretion of the court and calls for the exercise of the equitable power of the court over its own judgment. If a judgment so entered was not confessed by authority of the defendant, it will be void for want of power to confess it, and a defendant who is injured by it may have it set aside upon motion. *Stein v. Good,* 115 Ill. 93; *Whitney v. Bohlen,* 157 Ill. 571; *Blake v. State Bank of Freeport,* 178 Ill. 182.

Defendants are entitled to a trial. For the reasons above indicated the order denying the motion to vacate the judgment is reversed as to both defendants and the cause is remanded for further proceedings.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.