(No. 14085.—Affirmed in part and reversed in part.)

THE CONTINENTAL BEER PUMP AND PLUMBING COMPANY,
Appellee, *vs.* THE GEO. J. COOKE COMPANY, Appellant.

*Opinion filed October 22, 1921.*

1. CONSTITUTIONAL LAW—*section 68 of the Practice act, for appointment of referee to state account, does not violate right to jury trial.* Section 68 of the Practice act, providing for the appointment of a referee to hear evidence and make a report in complicated matters of account, does not deprive either party to an action of assumpsit of his right to a jury trial, as the statute provides for the filing of exceptions to the report as to any controverted questions of fact, which may thereupon be tried by jury.

2. PRACTICE—*what is not a matter for exception to referee's report.* That the report of a referee to whom an account in an action of assumpsit has been referred does not state the items of the account but only states the indebtedness in a lump sum and the items of credit in another lump sum is not a matter for exception to the report and does not involve any question of fact for a jury trial.

3. SAME—*when items of account in bill of particulars need not be repeated in referee's report.* In an action of assumpsit involving a complicated account which has been referred to a referee, the referee's report should show the items allowed or disallowed but need not repeat the items of account covering a long period of time as stated in the bill of particulars, where the report incorporates the bill of particulars by reciting that the defendant be charged with each item set forth in said bill at the prices therein stated.

4. SAME—*general exceptions to referee's report of an account do not raise any question of fact for jury trial.* A defendant who files proper exceptions to the report of a referee in an action of assumpsit involving an account is entitled to a jury trial as to the matters set forth in his affidavit of defense, but where the exceptions do not include the alleged accounting or payment or specify any item or items but only in a general way allege that the report is wrong, no question of fact is raised for a jury trial.

5. EVIDENCE—*there is no vested right in rules of evidence.* No party has any vested right in the rules of evidence, as they pertain to the remedies provided by the State for its citizens, and a finding by an authority authorized to consider a question of fact may be made *prima facie* evidence of the fact.

6. SAME—*effect of provision of section 68 of Practice act making referee's report prima facie evidence.* The provision of section 68 of the Practice act making the referee's report *prima facie* evidence does not change the burden of proof but means only that in the absence of any contrary evidence the finding or verdict is to be in accordance with the report; and such provision is not inconsistent with the right to a jury trial, as the case, when submitted to the jury, is to be determined upon the whole evidence.

7. COSTS—*effect of oral stipulation for referee's fees in excess of statutory allowance.* An oral stipulation that a referee shall receive five dollars per hour, which is to be divided equally between the parties and taxed as costs, does not justify the taxing of such fees as costs in excess of the statutory allowance, even though the referee certifies that such stipulation was made and each party has paid him his fees, as an agreement for fees different from the statutory allowance must be in writing and filed in court.

APPEAL from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding.

LEE J. FRANK, and MARY LEE COLBERT, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, (ABRAHAM MEYER, and DAVID F. ROSENTHAL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the Continental Beer Pump and Plumbing Company, brought suit in assumpsit in the circuit court of Cook county against the appellant, the George J. Cooke Company, on February 28, 1913, and filed a declaration consisting of a special count and the common counts. The special count alleged a contract made June 1, 1912, whereby the plaintiff agreed for one year from that date to furnish all labor required by the defendant to keep in repair the beer-pump outfits used in saloons consuming beer of appellant in Chicago, Kensington, Roseland and South Chicago, including water pumps and other things stated in the

declaration, for the sum of $100 per month, and the defendant agreed to pay for all materials used in such repair work at certain list prices; that the plaintiff was also to install new pumps and other fixtures and furnish materials at list prices; that on November 30, 1912, the defendant without cause refused to permit the plaintiff to do said work under the agreement and refused to pay for a large amount of material furnished under the contract. With the declaration was filed an affidavit of merits that $3149.27 was due, and a bill of particulars covering a period from November 26, 1909, to December 10, 1912, containing about 4000 items and covering over 100 pages. The defendant pleaded the general issue and filed an affidavit of meritorious defense to the whole of plaintiff's demand. The nature of the defense stated was, that about March 1, 1912, defendant had an accounting with the plaintiff and paid it $641.69, which was accepted in full accord and satisfaction for all labor and material furnished up to that time; that a large portion of the work and material claimed to have been furnished after March 1, 1912, was never performed or furnished to the defendant on any order or by virtue of any contract with the defendant; that a large portion of the work alleged to have been performed since March 1, 1912, was performed in an unskillful, negligent and careless manner and a large portion of the material furnished since that date was old, rotten and defective; that the prices charged for the work and material were excessive, and before the commencement of the suit the plaintiff was paid in full for all work and material furnished since March 1, 1912, at the request of the defendant or by virtue of any contract or promise between the plaintiff and the defendant, and that the defendant was not indebted to the plaintiff in any sum whatever. A jury having been impaneled for the trial of the case, and it appearing to the court from the opening statements that there were complicated and numerous matters of account in controversy, the court, against the objections of the defendant,

discharged the jury and entered an order referring the case to a referee, under section 68 of the Practice act, to state and report an account between the parties and the amount that might be due from either party to the other. The objection to the reference, which was renewed before the referee, was that section 68 violated a constitutional right by depriving the defendant of a trial by jury as such trials existed at the adoption of the constitution. The referee heard the evidence and made his report, stating, in general terms, that the plaintiff furnished to the defendant labor and materials as set forth in the bill of particulars at the prices in said bill of particulars mentioned and the defendant should be charged with the same, which amounted to $7078.57; that the defendant had paid to the plaintiff on account of labor and materials the respective amounts set forth in the bill of particulars, making a total of $4526.45, for which amount the defendant should be credited; that the plaintiff sold a quantity of lead and brass belonging to the defendant for $156, for which the defendant should also be credited, making a total of $4682.45 credits and leaving a balance due of $2396.12. The defendant filed exceptions to the report on the grounds that the order of reference was improperly made; that the report did not set out the items going to make up the indebtedness but stated the same in a lump sum; that it did not set forth the items of credit but stated the same in one lump sum; that the defendant did not furnish labor and materials to the amount of $7078.57 but only a smaller amount; that the prices were excessive and not supported by any contract; that the actual amount due, if any, was less than stated in the report and the credits less than the defendant was entitled to, and that the report was informal, insufficient and incorrect and contrary to the law and the facts. The exceptions concluded with a demand for a trial by jury, and a jury was again impaneled. The defendant offered to introduce evidence in support of its exceptions, to show that there had been a complete settlement

by check of all items of the account up to March 1, 1912; that much of the material charged for by plaintiff was by the verbal contract to be furnished without additional charge, and that much of the work charged for was never ordered or contracted for by the defendant, and that if proper credit were given to the defendant it would not be indebted to the plaintiff in any amount. The evidence was excluded by the court and a verdict for $2396.12 was directed and returned, upon which verdict judgment was entered, and this appeal was prosecuted. ·

The defendant objected to the discharge of the jury and the appointment of a referee to state and report the account between the parties on the ground that section 68 of the Practice act deprived the defendant of the right of trial by jury guaranteed by the constitution. Every litigant has a constitutional right to a determination of controverted facts in actions at law by jury as that right was enjoyed when the constitution was adopted, and section 68 preserves that right but authorizes the appointment of a referee to hear evidence and state the account and limits the trial by jury to such facts as are controverted by filing exceptions to the report. The question whether such a reference can be made for the purpose of simplifying the issues for the jury and separating items in controversy from those upon which the parties are agreed and defining the issues was given much consideration in *Ex parte Peterson,* 253 U. S. 300, and it was held that such an order, even without statutory authority, did not invade the right of trial by jury. That decision seems to us, both upon principle and authority, to be correct. Cases cited where judgments were entered on reports of referees without submitting disputed questions of fact to the jury do not apply to this case or to section 68, which preserves the right to a jury trial as to every defense and claim of right against any item of an account and requires that the party objecting shall file an exception in regard to such item or such defense or claim of right. There

is nothing in our decisions which either directly or indirectly conflicts with the conclusion in the case above cited. No question as to the validity of section 68 has heretofore been considered, but cases concerning the common law action of account, which is similar in some respects, have been before the court several times. That action .became a part of the jurisprudence of this State and by statute was enlarged beyond its scope at the common law so as to include actions generally on book accounts. In such action the preliminary issue is whether the defendant ought to account to the plaintiff, and the interlocutory judgment of *quod computet* fixes nothing but the right to account. *(Lee* v. *Abrams,* 12 Ill. 111.) The court then appoints one or more auditors to hear and adjust the accounts and make a report, and if no just cause be shown to the contrary after the same shall be approved by the court, judgment is to be entered on the report. It was held in *Pardridge* v. *Ryan,* 134 Ill. 247, that in an action of assumpsit, after the parties had made their opening statements to the jury, it was an arbitrary act for the court, on its own motion and against the plaintiff's protest, to discharge the jury and order the action changed to an action of account and appoint an auditor to take the account. But in that case the parties had been estopped from complaining of the act. The question of the right of trial by jury was not raised in that case, and it was said that the court had power, in the exercise of a sound discretion, to approve or disapprove of the auditor's report. In *Garrity* v. *Hamburger Co.* 136 Ill. 499, which became an action of account by amendment, it was held that the defendant would get the benefit before the auditor of any items to which he was entitled by way of set-off, payment or otherwise and could dispute any items claimed by the plaintiff; that the right of trial by jury in respect to the matters of fact involved had been waived by consenting to the reference, and even if the assent were not a waiver of the constitutional right of trial by jury of any issue of fact that might arise

on the hearing before the auditor, it was incumbent upon the party to claim the right in respect to the particular matter and have it certified to the court and there decided by jury. The implication was that although the action of account under the statute does not include a right of jury trial it would be allowed by pursuing the practice indicated. Section 68 does not violate any constitutional right.

It was stated as an exception to the report that it did not set forth the items going to make up the indebtedness but stated the same in a lump sum, and did not set forth the items of credit but stated the same in another lump sum. But this was not a matter for exception. The objection did not raise any question of fact for a jury trial and should have been made to the report. It is necessary that a report should show the items of account allowed or disallowed, but in this case the referee reported that the defendant should be charged with each item set forth in the bill of particulars at the prices therein stated, which was equivalent to incorporating the bill of particulars in the report, and it was not necessary that the 4000 items, covering a long period of time, should be repeated in the report. Upon filing proper exceptions to the report the defendant would have been entitled to a jury trial as to the matters set forth in its affidavit of defense, but the exceptions did not include the alleged accounting or payment or specify any item or items but only in a general way alleged that the report was wrong. The exceptions, which were general in nature, did not raise any question of fact to be tried by jury.

Section 68 provides that the referee's report shall be *prima facie* evidence of the facts therein found and reported, and it is asserted that this imposed upon the defendant a requirement to accept the report as *prima facie* evidence and took away the right of trial by jury. No party has any vested right in the rules of evidence, which pertain to the remedies provided by the State for its citizens, and a finding by an authority authorized to consider a question of fact

may be made *prima facie* evidence of the fact. (*Gage* v. *Caraher,* 125 Ill. 447; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361.)   The provision of the statute that the report shall be *prima facie* evidence means simply that in the absence of any contrary evidence the finding or verdict is to be in accordance with the report.   It is not a question of evidence and does not change the burden of proof.   When evidence is introduced and submitted to the jury the case is to be determined upon the whole evidence.   The provision is not inconsistent with the right of trial by jury.

The court ordered taxed as costs in favor of plaintiff $250 for fees of the referee, based on his report that the parties stipulated that he should be paid for his services $5 per hour, to be divided equally between the parties and be taxed as costs.   He certified that he had spent 100 hours in performing his services, amounting to $500, and that each of the parties had paid him $250.   Section 68 provides that the referee or referees shall receive the same fees as are provided by law for referees, and the costs of the reference shall abide the result of the suit.   By statute the fees of a referee are fixed at $5 a day unless the parties to the suit or their counsel shall, in writing to be filed in court, agree upon a larger or less sum per day.   There was no such agreement in writing in this case, and neither the oral stipulation certified by the referee nor the fact that each party had paid him $250 was sufficient to authorize the taxation of such fees as costs.

The judgment of the circuit court is affirmed except as to the order taxing as costs against the defendant $250 for fees of the referee, and that order is reversed.   The appellant will pay three-fourths of the costs of this appeal and the appellee one-fourth of such costs.

*Affirmed in part and reversed in part.*