(No. 18208.—
E. A. RICHARDSON, Plaintiff in Error, *vs.* HARRY RILEY, Defendant in Error.

*Opinion filed June 23, 1928.*

W. H. WHITAKER, for plaintiff in error.

WARD & PUGH, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

A judgment by confession was rendered by the circuit court of Shelby county in favor of plaintiff in error, E. A. Richardson, and against defendant in error, Harry Riley, on two notes, one for $510 and the other for $9200, with certain credits thereon. The amount of the judgment does not appear from the abstract. For convenience the parties will be referred to as plaintiff and defendant. On motion

of defendant the judgment was opened and he filed a plea of the general issue, with notice of set-off amounting to $11,112.99. He also filed a bill of particulars. Plaintiff filed an amendment to the declaration consisting of the common counts, together with a bill of particulars including items for rent, interest, cash advanced, etc., amounting to $6000. On motion of plaintiff the cause was referred to a referee to state the account. The referee found that under the order of reference he was not authorized to report his conclusions of law and fact, and therefore he made his report in the alternative. He found that if a partnership existed between plaintiff and defendant the former owed the latter $1163.06; that if a partnership existed between defendant and P. E. Richardson, who is a son of plaintiff, there was due from plaintiff to the defendant $572.80. Exceptions to the report were filed by both parties. There was a trial by jury. Plaintiff offered no evidence under the common counts but merely offered the two notes in evidence, whereupon, on motion of defendant, the court directed a verdict for defendant under the common counts. The jury returned a verdict for defendant for $572.80, a motion for a new trial was overruled, judgment was entered upon the verdict, an appeal was prosecuted to the Appellate Court for the Third District, where the judgment was affirmed, and the cause is before this court on a writ of *certiorari*.

The evidence shows that plaintiff had been a practicing lawyer for a number of years and was the owner of 1300 acres of land along the river, northeast of Shelbyville. A portion of this land could be cultivated, but the greater part of it was hilly and broken and was used for pasture and for feeding livestock. There were three or four farms, each with a set of improvements. Defendant had been the sheriff of his county. He had farmed most of his life and for a good many years had lived upon a part of the land in question. In 1919 he farmed about 300 acres of the land and plaintiff furnished money to buy cattle, which were

placed upon the pasture land. In the latter part of 1919 plaintiff had a talk with defendant about managing all of the lands during the year 1920. It was agreed that defendant was to look after all of the lands. Cattle were to be bought and fed and plaintiff was to furnish the money therefor. There is a conflict in the evidence as to the terms of this contract. Plaintiff insists that he was to receive $1800 as rent of the pasture land and a share of the grain raised on the land cultivated; that after all expenses were paid the profits were to be divided equally and the share of plaintiff was to be paid to his son. Defendant claims there was no agreement to pay $1800 as rent; that he was in partnership with plaintiff, who was to furnish the money and the land, and the profits were to be divided between them. Defendant operated the land during 1920, and about $8000 was advanced by plaintiff to buy livestock. About April 1, 1920, plaintiff requested defendant to give him a note for the money which had been advanced, and a note for $9200 was executed, dated April 2, 1920, and signed by Riley & Richardson, P. E. Richardson and Harry Riley. Defendant claims the consideration for this note was the $8000 advanced and $800 for hay and $400 for corn bought from plaintiff; that the note was given for the purpose of evidencing the indebtedness pending final settlement at the end of the year. On the same date this note was given the note for $510 in question was executed by defendant and represented a personal debt of defendant to plaintiff. Plaintiff contends that this settlement amounted to $10,700; that in the settlement plaintiff asked for some cash, and it was agreed that because defendant had sold certain cattle for $1500, a check for $1500 was given to plaintiff. The check was dated April 3, and plaintiff claims that the amount of this check was deducted from the $10,700, leaving $9200, for which the note was given. On the back of this note is a statement dated January 3, 1922, that "this note is all paid except $2888.80." Defendant claims that when stock

was sold from time to time during the year notes were taken, and they were frequently turned over to plaintiff, and defendant received no credit therefor; that frequently a check was given at the same time for other items included to make the payments an even $1000; that he paid out of his individual account, and sometimes from the account of Riley & Richardson, various amounts for plaintiff for certain repairs and improvements, for which he received no credit; that plaintiff was compelled to convey what was known as the Truitt farm, and defendant received no credit for certain grain he had raised thereon; that at the end of the 1920 season part of the farming implements were turned back to plaintiff at an agreed price as part payment of the note; that a crop of rye was sold, and defendant claims plaintiff agreed to pay $300 for defendant's interest in this crop, for which credit was to be given on the note. After all the property had been sold and all debts and expenses had been paid defendant claims he made a demand for a settlement but was unable to obtain one.

The only errors argued by plaintiff are, that the court improperly permitted defendant to introduce in evidence the findings of the referee, which had never been confirmed by the court; that the first instruction given on behalf of defendant was erroneous; that defendant was given credit for certain items for which he was not entitled to credit; that plaintiff was not given credit for certain items for which he should have been given credit; that the verdict is contrary to the evidence.

Section 122 of the Practice act provides that "'the Supreme Court shall re-examine cases brought to it by appeal or writ of *certiorari* as provided in this act, from the Appellate Court, as to questions of law only; and in the cases aforesaid, no assignment of error shall be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact therein." In this case the Appellate Court affirmed the judgment of the

trial court. This court is without jurisdiction to determine questions of fact or to weigh the evidence. *National Importing Co.* v. *Bear & Co.* 324 Ill. 346; *Toffenetti* v. *Mellor,* 323 id. 143; *Yellow Cab Co.* v. *Stafford-Smith Co.* 320 id. 294; *Dickirson* v. *Pacific Mutual Life Ins. Co.* 319 id. 311.

Section 68 of the Practice act provides that "all actions in which matters of account are in controversy may, by order of the court, be referred to some competent person or persons as a referee or referees, to state and report an account between the parties, and the amount that may be due from either party to the other, which report, when confirmed by the court, shall be final and conclusive between the parties and judgment entered thereon and execution issued in the manner provided by law in cases of arbitration and awards, but either party may, within ten days after notice of the filing of the report, file exceptions thereto and demand a trial, in which case the action shall be tried as other cases, and upon such trial the report of the referee or referees shall be *prima facie* evidence of all the facts therein found and reported; and no other exceptions shall be considered on the trial than those filed as above provided."

It is insisted by plaintiff that under this section when the court approves the report of a referee it is then sufficient upon which to award judgment, but if objections have been filed to the report and a jury trial demanded the report may be introduced in evidence as *prima facie* evidence of the things therein stated, provided the report is all the evidence offered; that exceptions were filed to this report by both parties, and therefore either party had the right to call the attention of the court thereto and have the report confirmed if he desired to place it in evidence, and a failure to have the report confirmed barred either party from introducing it as evidence in the case; that there is no provision in section 68 for the use of a referee's report unless it is first approved by the court; that the referee was

ordered to make a finding of fact and to state conclusions of law, yet he expressly stated in his report that as to the questions of partnership and rent he was unable to make a finding and submitted his report in the alternative.

Section 68 was enacted in aid of the jurisdiction of courts in actions of assumpsit or other common law actions which involve questions of complicated account. The section does not make the report of the referee conclusive against the parties if they do not see fit to so make it. It does not become conclusive if either party files exceptions. If no exceptions are filed and the report is confirmed by the court the report becomes final and conclusive between the parties, and judgment may be entered thereon and execution issued in the manner provided by law in cases of arbitration and award. Either or both parties have a right to file exceptions. When exceptions are filed the report does not become final and conclusive, and the court is without jurisdiction to confirm the report or to enter judgment or to order an execution to issue. If exceptions are filed neither party has the right, as contended by plaintiff, to call the attention of the court to the report and have it confirmed so that the report can be introduced in evidence. A mere failure to have the report confirmed bars neither party from introducing it in evidence. There is no provision of the statute which authorizes the introduction of the report in evidence after it is confirmed. If either or both parties file exceptions within ten days after notice of the filing of the report and demand a trial then the case must be tried the same as other cases, and upon such trial the report is *prima facie* evidence as to all facts therein found and reported and no other exceptions shall be considered on the trial than those so provided. The provision of the statute that the report shall be *prima facie* evidence means that in the absence of any contrary evidence the verdict shall be in accordance with the report. It is not a question of evidence and does not change the burden of proof. When evidence

is introduced the case should be determined upon the whole evidence. (*Continental Beer Pump Co.* v. *Cooke Co.* 299 Ill. 104.) The only effect of the *prima facie* provision is to create the necessity of evidence to meet the *prima facie* case made, and which, if no proof to the contrary is offered, will prevail. *Johnson* v. *Pendergast*, 308 Ill. 255; *City of Carlinville* v. *Anderson*, 303 id. 247.

The case was referred to a referee upon motion of plaintiff. His motion was that the referee state the account, and the order of reference was in accord with the motion. When the report of the referee was filed no motion was made to re-refer it to him on the ground that the report was not in compliance with the motion and order of reference. Exceptions were filed and a trial was demanded. On the trial plaintiff, in chief, merely offered the notes. He offered no evidence under the common counts or with reference to the account. The court admitted the report, which was *prima facie* evidence as to all facts therein found and reported. The admission of the report was in accord with the provisions of the statute. Later, evidence was introduced by both parties concerning the items in controversy, and the case was submitted to the jury for determination upon the whole evidence. There was no error in admitting the report.

This rule was recognized by both parties in their instructions as submitted. The first instruction given on behalf of plaintiff told the jury that all questions of fact not determined and found by the referee were not to be considered by the jury as evidence, one way or the other, on the trial. The fourth instruction given on behalf of plaintiff told the jury that upon the findings of the referee such items as were objected to were not binding and were not conclusive as against plaintiff but they only constituted what is known as *prima facie* evidence, and, like any other fact, must be determined by the jury from the evidence and facts proven on the trial. The first instruction given on behalf

of defendant told the jury that the report of the referee was *prima facie* evidence of all facts therein found and should be so considered upon the trial. The last instruction was not erroneous, but even if it be conceded that this last instruction was erroneous, as contended by plaintiff, he is in no position to complain, for the reason that he offered instructions to the same effect.

The judgment will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*