American Vitrified Products Company, a Corporation, Plaintiff-Appellee, v. C. A. McNeely General Contracting and Equipment Company, Inc., Defendant-Appellant.

**Gen. No. 11,604.**

Second District, Second Division.

October 17, 1962.

Rehearing denied November 21, 1962.

Russell H. Classen, of Belleville, Frederick Houlton Lauder and Bufford W. Hottle, Jr., of Monmouth, for appellant.

John J. Kritzer and Kenneth E. Critser, of Monmouth, for appellee.

CROW, J.

The plaintiff, American Vitrified Products Company, a foreign corporation, of Cleveland, Ohio, brought suit against the defendant, C. A. McNeely General Contracting & Equipment Company, Inc., a corporation, having its principal office and place of business in Vandalia, Illinois, for $18,266.92 for a balance allegedly due for sewer pipe sold and delivered to the defendant for its use in the construction of a sewer project in the Village of Roseville, Illinois. The Trial Court entered a judgment for the $18,266.92, with interest at 5% per annum from May 8, 1956, and costs. The defendant appeals.

The defendant filed an answer, and a counterclaim against the plaintiff for damages on account of the alleged failure of the plaintiff to deliver vitrified pipe as per sample and as per warranties implied, and sought damages in the sum of $72,451.47. The defendant filed a demand for jury with its answer, and also with the counterclaim. The defendant in its counterclaim alleged that it was required to use its employees for extra work on the job, pay more insurance, and that it suffered damages for extra wages, extra insurance, extra material, loss of equipment stand-by time, loss of good will and good name, and loss of profit. The defendant also filed an Amended Answer. The plaintiff filed a reply to that Amended Answer. The defendant filed a Second Amended Counterclaim and the plaintiff filed an Answer to the Second Amended Counterclaim.

The entire cause was then referred to a Referee on the plaintiff's oral motion and over defendant's oral objections. The order of reference to the Referee, in substance, stated that (1) the above entitled cause,

405

which is one at common law, is at issue, and (2) matters of account are in controversy, and the said Referee shall take testimony in said cause and state an account between the parties and the amount that might be due from either party to the other and report the same in writing. The Referee took evidence and filed a report, over defendant's objection, recommending judgment in the amount of $18,266.92, together with interest at 5% per annum from May 8, 1956, and costs, and recommending that the counterclaim be dismissed. No evidence in defense of the plaintiff's claim or in support of the counterclaim was offered by the defendant before the Referee.

The Trial Court, on hearing objections to the Referee's report, sustained the report in part by finding the plaintiff entitled to recover $18,266.92, and entered judgment with interest from May 8, 1956, but the Court allowed the defendant's objection to that part of the report which recommended the counterclaim be dismissed, and the Court further found "that said judgment shall be without prejudice to defendant's right to pursue its counterclaim filed herein as to all matters contained therein exclusive of those involved in the accounting before the Referee."

The defendant appeals upon the theory that the Trial Court had no authority to make a reference to a Referee in a common law cause, because the reference was not made by agreement of the parties under Ch 90 Ill Rev Stats, 1959, Sec 51, relating to Masters and Referees, or under Ch 117 Ill Rev Stats, 1959, Sec 1, relative to Referees, and that the court had no authority under Ch 110 Ill Rev Stats, 1959, Sec 61, being Section 61 of the Civil Practice Act, to appoint a Referee in that this was not a proceeding in the nature of an account; that the matter should have been heard by the Court instead of by a Referee; and that

the matter of interest allowed from May 8, 1956 is illegal and void because the report of the Referee is dated December 23, 1960.

It appears that the defendant, C. A. McNeely General Contracting and Equipment Company, Inc., obtained a contract to build a sewer system in the Village of Roseville, Warren County, Illinois. The defendant company ordered the pipe for this project from the plaintiff, American Vitrified Products Company. Construction was begun on or about August 1, 1955 and completed on or about April 1, 1956. Throughout all that period the plaintiff shipped sewer pipe to the project upon receipt of orders from the defendant. During this period the defendant was billed for pipe delivered and credited for breakage of pipe enroute and for defective pipe. At the conclusion of the project the plaintiff demanded the balance allegedly due and owing in the sum of $18,266.92. The defendant failed and refused to pay. The complaint contained an itemized list of invoices, debits, credits and balances due. There were a total of 40 credit memorandums, all bearing dates from July 29, 1955 to November 21, 1955, and there were a total of 42 invoices bearing dates from July 30, 1955 to July 29, 1957.

It is the theory of the plaintiff that due to the matters of account in controversy, the court had discretion and authority to refer this suit to a Referee to take testimony and report his conclusions; that the only questions which would then remain to be submitted to a jury would be questions of fact raised by the defendant before the Referee or by objections to the report of the Referee which raised questions of fact; that the defendant failed and refused to raise any question of fact before the Referee and failed to file any objections to the report of the Referee that

407

raised a question of fact and thereby the defendant failed to preserve its demand for and right to trial by jury.

At the hearing before the Referee the plaintiff produced evidence as to the material delivered to the defendant at the Roseville sewer project, and as to the correctness of the invoices, credits, and debits introduced into evidence. The defendant offered no evidence before the Referee, cross examined no witnesses, and refused to participate in the hearing other than to renew and repeat its objection to the reference to the Referee.

Subsequent to the filing of the Referee's report the defendant made written objections to the report of the Referee,—namely, (1) objecting to the jurisdiction of the Court to make the reference, and (2) objecting to the time fixed from which interest was to run, claiming, the defendant says, that interest should run from the date of the Referee's report, namely, December 23, 1960, if at all, and not from May 8, 1956.

The Trial Court, in substance, overruled the objections of the defendant to the report, but apparently in effect sustained an objection to the reference to the Referee on the issues of the counterclaim. By sustaining in effect the objection of the defendant to the reference on the issues under the counterclaim, the Trial Court evidently acknowledged its error in this regard in the original general order of reference.

The Trial Court found that there were no fact questions to be presented to a jury as to any of the items of account under the complaint considered by the Referee; that the plaintiff have execution on the judgment; and that there was no just reason for delaying enforcement or appeal. The defendant made a motion to vacate the order approving the Referee's report, and a motion to stay execution. The Trial Court denied those motions.

The defendant has filed a complex and voluminous brief, but, as we view it, the substance of the same involves principally the question of the jurisdiction of the Trial Court to refer this type of action to a Referee for the purpose of stating an account where a demand for a jury trial is on file, and where there is a counterclaim on file on matters growing out of the matters involved in the complaint, and the question of interest.

■■ The Trial Court was aware from the pleadings that matters of account were in controversy, and the report of the Referee substantiates the fact that there were detailed matters of account growing out of the 42 invoices for various articles delivered and out of the 40 credit memorandums. This reference to a Referee was under the provisions of Ch 110 Ill Rev Stats 1959, Sec 61, a part of the Civil Practice Act, which reads as follows:

> "Subject to rules, the court may in any chancery action, or in any action at law in which matters of account are in controversy, on default or upon issue joined, refer the cause to a master or referee to take testimony and report his conclusions thereon."

As we view it, the only limitation upon the Court's power to make such a reference as was made in the instant case, if it be otherwise proper under the language of that statute, are the words,—"Subject to rules" at the beginning of that section. And the only Rule with which we are familiar, bearing on the subject, is Supreme Court Rule 14–1, Ch 110 Ill Rev Stats 1959, Sec 101.14–1, which is as follows:

> "A reference to a master shall be the exception and not the rule."

409

Whether a case should be referred to a Master (or Referee) is discretionary with the Trial Court: Harmon et al. v. Martin et al. (1947) 395 Ill 595, 71 NE2d 74. Rule 14–1 is a precautionary guide in the exercise of that discretion, but the Court still has the authority and discretion under the statute to make such a reference in an appropriate case. This is an "action at law in which matters of account are in controversy" and the reference to the Referee was permissible under the statute and within the Court's discretion so far as the plaintiff's complaint is concerned. There was no abuse of the Court's judicial discretion in this respect.

The plaintiff refers to the case of Continental Beer Pump & Plumbing Co. v. George J. Cooke Co. (1921) 299 Ill 104, 132 NE 569, in which the Court says, pp 108, 110:

> "Every litigant has a constitutional right to a determination of controverted facts in actions at law by jury as that right was enjoyed when the constitution was adopted and Section 68 preserves that right but authorizes the appointment of a referee to hear evidence and state the account and limits the trial by jury to such facts as are controverted by filing exceptions to the report. The question whether such a reference can be made for the purpose of simplifying the issues for the jury and separating items in controversy from those upon which the parties are agreed and defining the issues was given much consideration in Ex Parte Peterson, 253 US 300, and it was held that such an order, even without statutory authority, did not invade the right of trial by jury."

and—

> "Upon filing proper exceptions to the report the defendant would have been entitled to a jury trial as to the matters set forth in its affidavit of de-

410

fense, but the exceptions did not include the alleged accounting or payment or specify any item or items but only in a general way alleged that the report was wrong. The exceptions, which were general in nature, did not raise any question of fact to be tried by a jury."

We believe this case controlling, in principle, as to the right to refer to a Referee the issues on this plaintiff's complaint and as to the disposition in this respect of the defendant's objections to the Report. Although that case was decided under Section 68 of the then Practice Act of 1907, which provided for a reference to a Referee in actions at law in which matters of account are in controversy, and although that Act was repealed by the present Civil Practice Act, Section 61 of the present Civil Practice Act is, in substance, the same as the earlier Act in this particular respect.

The defendant does not claim that it objected to any specific item or items in an appropriate manner before the Referee, or by objections or exceptions before the Trial Court. By reason thereof, we believe that it did not raise and preserve any question of fact to be tried by a jury on the claim of the plaintiff.

We note from Count II of the plaintiff's complaint it is alleged that the plaintiff delivered to the defendant by Registered Mail on or before May 8, 1956, a statement of invoices, debits, credits and balance due plaintiff on the account in the sum of eighteen thousand two hundred sixty-six and 92/100 dollars ($18,266.92), requesting payment of the balance due, that the defendant acknowledged receipt of said statement of invoices, debits, credits, and balance due May 8, 1956, that the defendant at the time of acknowledging receipt of said statement of account raised no defense to said account but acquiesced in the same,

411

and that demand was made by the plaintiff on the defendant on May 8, 1956, for payment of said sum of eighteen thousand two hundred sixty-six and 92/100 dollars ($18,266.92) and divers demands since said date have been made of said defendant for said balance due, but defendant refused to pay the same, and still refuses to pay said balance due, and no part thereof has been paid. Those allegations were all denied by the defendant's answer. We recite those allegations as having some bearing on the question of the calculation or running of interest, and why the May 8, 1956 date is referred to in the calculation thereof.

We think that in the allowance of interest from May 8, 1956, the Trial Court erred. Interest should have been calculated and allowed from not earlier than December 23, 1960, the date of the Referee's report, which is the date claimed by the defendant, the defendant apparently conceding that if any interest is due it is due from December 23, 1960. Interest is not given by the common law for a failure to pay money when it is due unless the parties have so agreed. There was no agreement between the parties here, express or implied, to pay interest. The claim of the plaintiff is on an open account and it is manifest the plaintiff is not entitled to interest under the statute, Ch 74 Ill Rev Stats, 1959, Sec 2, unless it be under that clause thereof which allows interest on money withheld by an unreasonable and vexatious delay of payment. The delay in payment must have been both unreasonable and vexatious, and that must necessarily be determined, to a great extent, upon the circumstances of each particular case as it arises: Sammis v. Clark et al. (1852), 13 Ill 544. There are no circumstances here to show both requisite elements at least prior to December 23, 1960.

412

■ The reference to a Referee on the issues under the counterclaim as originally made was in error, but the Trial Court corrected this by its ultimate judgment order. The defendant's right to a hearing on the issues raised by the counterclaim, and a jury trial thereon, was delayed, but not prevented, by the reference to the Referee.

■ There was no error in denying the defendant's motion for a stay of execution until the determination of the issues on the counterclaim. The counterclaim is a separate cause of action and not a set-off and the defendant remains at liberty to pursue it. More than one judgment may be rendered in the same cause, and there is an express finding in the judgment here that there is no just reason for delaying enforcement or appeal: Ch 110 Ill Rev Stats, 1959, Sec 50.

The judgment will be reversed in part, and remanded with instructions to modify the judgment by allowing and including interest on $18,266.92, at 5%, from December 23, 1960, and will be otherwise affirmed.

Affirmed in part and reversed in part.

WRIGHT, P. J. and SPIVEY, J., concur.