### Edward A. Banschbach, Plaintiff in Error, v. J. F. Gillen, Defendant in Error.

### Gen. No. 14,415.

VERDICT—*when not disturbed*. A verdict not manifestly contrary to the weight of the evidence will not be set aside on review.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 3, 1909.

MUSGRAVE, VROMAN, PLATT & LEE, for plaintiff in error.

'ALBERT H. MEADS, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiff in error sued the defendant in error for a balance, which he claimed to be due to him for commissions on sales of the Burroughs Adding Machines, attachments and immediate accessories. No question is raised in regard to the pleadings. The cause was tried by the court and a jury. The jury found the issues for the plaintiff and assessed his damages at the sum of $41.31, and the court, after overruling plaintiff's motion for a new trial, rendered judgment on the verdict. After judgment the plaintiff moved to set aside the judgment and grant a new trial, on the ground of newly discovered evidence, which motion the court also overruled. Counsel for plaintiff contend that the verdict is manifestly against the weight of the evidence, and that the court erred in refusing to grant a new trial.

We have read and reread the evidence and the arguments of counsel, and cannot say that the verdict is manifestly against the weight of the evidence. The evidence is, in many respects, uncertain and conflicting, and we, after careful consideration, have concluded that the verdict should not be disturbed. The plaintiff was in the defendant's employ for about a year. The evidence consists of the contracts under which his services were performed, the testimony of witnesses in open court, long lists of items pertaining to the account between the parties, in the form of written exhibits, and numerous other items testified to orally. The evidence is of such character, and was presented in such manner, that it would require much time and patience of an expert bookkeeper or a competent accountant, to arrive, by its examination, at a satisfactory conclusion. Section 68 of the practice act provides for the reference to a referee or referees of such cases as the present, Hurd's Stat. 1908, p. 1629, and the Municipal

Court, acting in pursuance of section 19 of the municipal court act, has, by rule 14 of the court, made section 68 applicable to the practice in that court. Had there been such reference in the present case, as we think there should have been, the result might have proved more satisfactory to the parties. The plaintiff, however, chose the mode of trial and must abide the result. We find no error in the refusal of the court to grant a new trial, and the judgment will be affirmed.

*Affirmed.*