## George E. Hawkyard, Appellee, v. H. C. Suttle, Appellant.

1. REFERENCE, § 9*—*right of court to adopt chancery practice in hearing exceptions to referee's report.* Upon the hearing of objections to a referee's report under section 68 of the Practice Act, J. & A. ¶ 8605, the court is not authorized to adopt the chancery practice of passing upon each exception wholly from the evidence taken before the referee.

2. ACCOUNT, § 44*—*section 68 of Practice Act construed.* The plain intention of section 68 of the Practice Act, J. & A. ¶ 8605, is to relieve the court and jury from the consideration of those items in an account over which there was no controversy, and as to the items that are excepted to contemplates that there shall be a trial *de novo* in the Circuit Court and that both parties shall have the right to introduce testimony in regard thereto the same as in other law cases.

3. REFERENCE, § 9*—*when exceptions to referee's report filed in apt time.* Facts *held* to show that exceptions to a referee's report were filed in apt time where they were among the files in the case

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

when it was considered by the court, were marked filed and there was nothing to show that they were not in fact filed.

4. REFERENCE, § 9*—*when exceptions to report deemed filed.* Exceptions to a referee's report are considered filed when they are delivered to the clerk for that purpose.

Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the. October term, 1913. Reversed and remanded. Opinion filed May 5, 1914. Rehearing denied June 25, 1914.

JOHN FULLER and LEMON & LEMON, for appellant.

WHITLEY, FITZGERALD & McLAUGHLIN and HERRICK & HERRICK, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

In January, 1905, appellant being the owner of a bank at Kenney, Illinois, also at Warrensburg, Illinois, sold to appellee the bank at Kenney for the consideration of $8,500. Appellee afterwards claimed that the assets of the bank at Kenney had been misrepresented to him by appellant and brought this action in assumpsit against appellant to recover on numerous items of account. The trial court by virtue of section 68, chapter 110, R. S. (Practice Act, J. & A. ¶ 8605), referred the cause to a referee to take the evidence and state an account. The referee found a balance due appellant and so stated in his report to the Circuit Court. The cause came on for trial in said court, and a jury having been waived the court proceeded, over the objection of appellant, to hear the exceptions filed by appellee to the referee's report. The court reversed the findings of the referee and entered judgment in favor of appellee and against appellant for $4,716.86. The court heard no testimony of witnesses, but adopted the chancery practice of passing upon each exception to the referee's report wholly from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence taken before the referee, and sustained certain exceptions, overruled others, and made a final accounting therefrom and entered judgment as above noted.

Section 68 of the Practice Act provides: "All actions in which matters of account are in controversy, may, by order of the Court, be referred to some competent person or persons as a referee or referees to state and report an account between the parties, and the amount that may be due from either party to the other, which report, when confirmed by the Court, shall be final and conclusive between the parties and judgment entered thereon and execution issued in the manner provided by law in cases of arbitration and award, but either party may, within ten days after notice of the filing of the report, file exceptions thereto and demand a trial, in which case the action shall be tried as other cases, and upon such trial the report of the referee or referees shall be prima facie evidence of all the facts therein found and reported; and no other exceptions shall be considered on the trial than those filed as above provided."

The plain object of a reference of this character is to eliminate from the trial, where the accounts between the parties are numerous and varied and consist of a large number of items, all those items which are not controverted, and to have a trial only on those which are disputed and to which exceptions have been filed. The plain intention of the statute was to relieve the court and jury from the consideration of those items in an account over which there was no controversy. In many cases such a reference is of great assistance and aids in arriving at a satisfactory conclusion. *Banschbach v. Gillen,* 148 Ill. App. 222.

The statute does not contemplate, however, that upon the filing of such exceptions that the court or jury must consider the evidence taken before the referee, nor is there any authority in the statute for the court or jury

Hawkyard v. Suttle, 188 Ill. App. 168.

to overrule or sustain exceptions to the referee's report. The plain intention and meaning of the statute is that as to the items which are excepted to there shall be a trial *de novo* in the Circuit Court, and that as to those items a trial shall be had as in other cases at law, and both parties have a right to introduce testimony in regard thereto the same as in other law cases. The fact that in this particular case the jury was waived and the cause submitted to the court for trial does not change the rule of evidence. This section does not have the effect to change an action at law to one of chancery.

Appellant contends that the exceptions of appellee were not filed in the Circuit Court in apt time. These exceptions were first filed before the referee on December 9, 1912, and in addition thereto bear on their back the following file marks: "Filed Dec. 9, 1912, Clerk of the Circuit Court, by Deputy." The mere fact that the name of the clerk or his deputy is omitted from the file mark does not prove that the same were not in fact filed. A paper is considered filed when it is delivered to the clerk for that purpose. These exceptions were among the files in the case when it was considered by the court, and there is nothing to show that they were not in fact filed. We think the facts are sufficient to show that they were filed in apt time.

As there was no competent evidence considered by the court below, we do not feel called upon to pass upon the same, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*