Fourth District—May, 1915.          103

Pioneer Lumber Co. v. Woods Bros. Silo & Mfg. Co., 194 Ill. App. 103.

Pioneer Lumber Company, Appellant, v. Woods Brothers Silo & Manufacturing Company, Appellee.

## (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action in assumpsit brought by the Pioneer Lumber Company against Woods Brothers Silo & Manufacturing Company. The issues joined were referred to a referee for proofs and conclusion.

The plaintiff filed exceptions to the referee's report, which were sustained as to conclusions, and overruled as to evidence. No exceptions were taken to the court's findings; and judgment was entered in favor of defendant and against plaintiff for costs. No exception was taken to the judgment. The plaintiff appeals. A bill of exceptions was presented to the trial judge after the time limited for filing it had expired, and as the trial judge refused to sign it, no bill of exceptions was made a part of the record on appeal.

The plaintiff contended that the evidence was not sufficient to sustain the judgment, and that a bill of exceptions was unnecessary. Also that because of section 68 of chapter 110 of the Practice Act (J. & A. ¶ 8605), when the court in its discretion refers a case to a referee, the action, so far as procedure is concerned, is transformed from a case at law to one on the chancery side.

W. L. COLEY, for appellant; ABBOTT & EDWARDS, of counsel.

JOHN E. HAMLIN, JOHN L. FLANNIGAN and S. W. BAXTER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 788*—*when bill of exceptions essential to review.* In order that a ruling of a trial court on matters other than those appearing on the common-law record may be reviewed, the questions must be preserved in a bill of exceptions.

2. APPEAL AND ERROR, § 788*—*when bill of exceptions essential to review of judgment on referred case.* The reference of a case to a referee does not transfer the action, so far as procedure is concerned, from the law to the chancery side of the court, so as to permit the review of a judgment without a bill of exceptions.

3. APPEAL AND ERROR, § 1002*—*when bill of exceptions essential to review weight of evidence.* The question whether a judgment is sustained by the weight of the evidence is not open to review, where neither the evidence nor exceptions to the judgment are preserved by bill of exceptions.