In the Matter of the Estate of John Francis Dadie, Deceased.
Gertrude A. Dadie, Appellant, v. William J. Moxley, Inc., Appellee.

### Gen. No. 27,295.

TRIAL—*reference of case as affecting right to jury trial.* The reference of a case to a referee, under the Practice Act, sec. 68 (Cahill's Ill. St. ch. 110, ¶ 68), does not transfer the case, as far as procedure is concerned, from the law to the chancery side, but the statute provides for a trial *de novo* as to items covered by the exceptions to the referee's report, and either party is entitled to' a jury trial, unless it is waived.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded. Opinion filed May 23, 1922.

ALBERT H. MEADS, for appellant.

HOLDOM, PRATT & ZEISS, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook county allowing a claim against said estate for $11,777.46, in favor of William J. Moxley, Inc. The case was heard in the circuit court upon an appeal from an order of the probate court of Cook

county allowing the claim. A reversal is sought upon the ground that the trial court erred in denying appellant the right to a jury trial.

The record shows that when the case was reached for trial in the circuit court, it was represented to the court that the case involved the consideration of complicated matters of account contained in numerous account books and composed of items ranging in number from 2,000 to 5,000, the proof of which would require the testimony of ten or more witnesses and would consume more than three weeks' time. On motion of counsel for the claimant, the court referred the case to a referee to state and report the account pursuant to the provisions of section 68 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 68]. No objections are made by appellant to this procedure.

Subsequently the referee made and filed his report, to which exceptions were filed on behalf of appellant. When the case was again presented for hearing upon the referee's report and the exceptions thereto, appellant demanded a jury trial, but the court by its order of March 10, 1921, directed that the case be regarded as an action in chancery and proceeded to hear and determine the issues without calling a jury to pass upon them.

The trial court erred in refusing a jury trial. The reference of a case to a referee, under section 68 of the Practice Act does not transfer the action, so far as procedure is concerned, from the law to the chancery side of the case. *Pioneer Lumber Co. v. Woods Bros. Silo & Mfg. Co.*, 194 Ill. App. 103. The intent and meaning of the statute is that, as to items covered by the exceptions to the referee's report, there shall be a trial *de novo* in the circuit court, which shall be had as in other cases at law, and both parties have a right to introduce testimony in regard thereto the same as in other law cases. *Hawkyard v. Suttle*, 188 Ill. App. 168. The statutory provision in question

does not deprive either party to an action of his right to a jury trial. The statute provides for the filing of exceptions to the report as to any controverted questions of fact which thereupon may be tried by jury. *Continental Beer Pump & Plumbing Co. v. Geo. J. Cook Co.*, 299 Ill. 104. Under these authorities, and in the absence of a waiver of a jury trial, the case should have been submitted to a jury by the trial court.

The judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.