West Side Trust and Savings Bank of Chicago, Complainant, v. Samuel J. Damond et al., Defendants. L. H. Heymann et al., Appellants. Harry J. Reynolds et al., Appellees.

Gen. No. 37,939.

 Heard in the second division
of this court for the first district at the December term, 1934. 
 Opinion filed May 24,
1935. Rehearing denied June 5, 1935.

JOHN M. LEE and CARL M. LOOS, both of Chicago, for appellants.

MICHAEL J. AHERN, of Chicago, for certain appellee.

EDELSON, LATTER & WISE, of Chicago, for certain other appellee.

MR. JUSTICE SCANLAN 

L. H. Heymann et al., intervening petitioners, appellants (hereinafter called petitioners), seek to reverse an order dismissing two intervening petitions, one filed by petitioners and the other by B. J. Dolan, which order was entered in a proceeding wherein West Side Trust and Savings Bank of Chicago, a corporation, as trustee under a certain trust deed, filed its bill to foreclose the trust deed. The resignation of the trustee bank was filed in the court. Earl Morris, a holder of several bonds secured by the trust deed, filed an intervening petition praying for the appointment of a receiver and a successor·trustee. Upon that petition and the motion of William L. O'Connell, receiver of the trustee bank, Harry Reynolds was appointed successor trustee. Petitioners, "a bondholders' committee," filed an intervening petition suggesting the appointment of B. J. Dolan as successor trustee. On May 3, 1934, Dolan, "successor trustee by appointment of the committee," filed a petition asking the court to substitute him as complainant and to vacate the order appointing Reynolds successor trustee. Reynolds filed a motion to dismiss the petition of the committee, and

defendants Damond, Freiden and Lansky filed a like motion. The two petitions were consolidated and the two motions were ordered also to stand as motions to dismiss the petition of Dolan. Upon the hearing an order was entered dismissing both petitions, and it is from that order that petitioners appeal. Dolan did not appeal.

In this court Harry J. Reynolds, as successor trustee, filed a motion to dismiss the appeal, upon the ground that the record on appeal was not filed here within the time prescribed by the rules of this court. Bertha Freiden and Samuel Lansky have filed a like motion. Both motions were reserved until the hearing.

The order appealed from was entered on June 1, 1934. On August 29, 1934, petitioners filed their notice of appeal. On September 7, 1934, a praecipe for record was filed, which includes the following, "19. Report of Proceedings." The record was filed in this court on November 7, 1934. It discloses that on July 9, 1934, there was filed a "Report of Proceedings in Connection with Order Entered in this Cause on the 17th day of April, 1934, Appointing Harry Reynolds Successor in Trust to the West Side Trust and Savings Bank of Chicago. . . ." This report has no place in the instant record and should not have been included in it. Petitioners admit that it is not the report specified in the praecipe and that there is no provision in the rules for placing it in the record. No "Report of Proceedings" in connection with the order appealed from was filed. Petitioners have attached to the record, after the certification of the clerk, an "instrument" headed: "Election of L. H. Heymann, et al., Appellants, not to file their own report of proceedings or stipulation of facts." This unverified, undated "instrument" is signed, "L. H. Heymann, et al. by: John M. Lee and Carl M. Loos." Petitioners state

that they "do not contend that the instrument attached to the record is the election of appellants but *was merely attached to the record to advise the court of the actual facts of election on October 22, 1934.*" That "instrument" is no part of the record and cannot be considered by us. We find nothing in the record to show that an election was made on that date or at any other time.

Supreme Court Rule 36, sec. (2), par. (a), and Rule 1, sec. (2), par. (a), of this court provide:

"When the *praecipes* do not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court 30 days after the notice of appeal has been filed."

Supreme Court Rule 36, sec. (2), par. (b), and Rule 1, sec. (2), par. (b), of this court provide:

"When the *praecipes* specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court 30 days after the report of the proceedings or agreed statement of facts has been filed."

Supreme Court Rule 36, sec. (1), par. (c), and Rule 1, sec. (1), par. (c), of this court provide:

"The report of the proceedings at the trial . . . shall be procured by the appellant and submitted to the trial judge . . . for his certificate of correctness . . . and filed in the trial court within 60 days after the appeal has been perfected. . . .

"Any judge of said court may on good cause shown make an order or orders extending the time allowed for filing such report of the proceedings, but the application for any such order must be made before the expiration of the original or extended period allowed for such filing."

(In the instant case, no extension of time for the filing of the report of proceedings at the trial was allowed or requested.)

Supreme Court Rule 36, sec. (1), par. (e), and Rule 1, sec. (1), par. (e), of this court provide:

"Failure by the appellant to file a report of the proceedings . . . within the time originally allowed or extended, where the *praecipe* filed by such appellant has specified any of the proceedings at the trial, shall authorize a dismissal of the appellant's appeal. . . . No dismissal shall be made by the trial court where appellant, after filing his *praecipe,* elects not to include any proceedings at the trial in the record on review, and transmits the record on appeal to the reviewing court in proper time without such proceedings.

"Where the *praecipe* filed by the appellant does not specify any of the proceedings at the trial, and appellant fails to file the record on appeal in proper time, the trial court, on application of appellee, may dismiss the appeal."

Rule 10 of this court has been amended by adding the following paragraph:

"The record on appeal shall be filed in the office of the clerk of this court within five days after the time specified by Rule 1 for its transmittal by the clerk of the trial court. Such transmittal may be directly by the clerk of the trial court or by the filing of the record by the appellant. . . ."

Petitioners contend that "there is no provision in the court rules, either Supreme or Appellate, or in the Civil Practice act which directs how the election is to be made"; that if an appellant chooses to elect, the election, under the rule, need not be made in writing and filed in the trial court or here; that it is a sufficient compliance with the rule if an appellant chooses to elect and "advises" this court of his election. This interpretation of the rule is clearly wrong. It is the duty of the clerk of the trial court to prepare the record in a case, and the praecipe filed by petitioners is a written order, signed by them, directing that official to

include in the authenticated transcript of the record certain documents, pleadings, etc., including the following: · "19. Report of Proceedings." This procedure is in accord with the usual practice, and the election, under the rule, amounts to no more than a written order to the clerk "not to include any proceedings at the trial in the record on review." Such order, or election, when filed, becomes a part of the record. However, it clearly appears that petitioners failed to make an election in any manner, and they concede that the "instrument" they attached to the back of the record did not constitute an election.

Petitioners' position is that they "elected on October 22, 1934 not to file a report of proceedings which was within sixty days after notice of appeal was filed by them in the lower court, and that this was a proper and timely election. And docketing the record in the Appellate Court fifteen days thereafter, namely, November 7, 1934, we contend, was transmitting the record on appeal to the reviewing court 'in proper time' within the provision of Rule 1(e) of the Appellate Court." We have heretofore stated there is nothing in the record to warrant the contention that petitioners made an election on October 22, 1934.

The order appealed from shows that the judgment of the court was based solely upon the pleadings and that the two petitions were dismissed for want of equity upon the grounds assigned in the motions to dismiss them. The question before the trial court was the same as if, under the old Practice Act, a demurrer had been filed to the petitions and the court had sustained the demurrer and dismissed the petitions for want of equity. Here the appellees followed the new Practice Act, Cahill's St. ch. 110, ¶ 173, sec. 45, which provides that "all objections to pleadings heretofore raised by demurrer shall be raised by motion." All matters upon which the court acted in entering the order appear of record and therefore no report of pro-

ceedings was necessary or proper. A record must be filed in this court within 35 days after the filing of the notice of appeal when the praecipe does not specify a report of the proceedings. Rule 1, sec. (2), par. (b), of this court was intended to apply to cases wherein an appellant requires a report of proceedings to properly present his appeal to this court, and an appellant cannot extend the 35-day period allowed by par. (a) and the amendment to Rule 10 by specifying in his praecipe a "Report of Proceedings," where the record shows that no such report is necessary or proper. To hold otherwise would, in actual practice, render the time limit fixed by Rule 1, sec. (2), par. (a), for the filing of the record on review practically nugatory. The provision in Rule 1, sec. (1), par. (e), permitting the filing of the record in this court "in proper time without such proceedings" where an election has been made, means, in our judgment, that appellants are bound to file their record in this court within 35 days after the filing of the notice of appeal. Par. (e) gives an appellant a right "not to include any proceedings at the trial" in the record, but if he exercises that right he is then placed in the same position in which he would have been had his praecipe not designated a report of proceedings. Or, to state it in another way, the only right given an appellant by that rule is to elect not to include the report of proceedings where the praecipe had notified the clerk to include it.

If we were to assume, for the purposes of this appeal only, that petitioners were entitled to a report of the proceedings in connection with the order appealed from, it would avail them nothing. They did not exercise the right of election, nor was any order entered extending the time allowed for filing the report of the proceedings. Par. (c) provides that "the report of the proceedings at the trial . . . shall be procured by the appellant and submitted to the trial judge . . . for his certificate of correctness . . . and filed in the

trial court within 60 days after the appeal has been perfected. . . ." It is conceded that no such report was ever filed. On August 29, 1934, petitioners filed their notice of appeal. Rule 1, sec. (1), par. (e), of this court provides that "failure by the appellant to file a report of the proceedings . . . within the time originally allowed or extended, where the *praecipe* filed by such appellant has specified any of the proceedings at the trial, shall authorize a dismissal of the appellant's appeal. . . ." The record was not filed in this court until November 7, 1934.

After giving serious consideration to the important questions involved in the instant motions to dismiss the appeal, we are constrained to hold that petitioners' record was not filed in this court in proper time, and that therefore the said motions should be sustained and the appeal dismissed. It is accordingly so ordered.

*Motions to dismiss appeal sustained and appeal dismissed.*

FRIEND, P. J., and SULLIVAN, J., concur.