Louis E. Amberg and George H. Best, Trustees Under the Last Will and Testament of Phoebe B. Buehler, Deceased, Appellants, v. Walter R. Meeker et al., Appellees.

Gen. No. 9,033.

Opinion filed April 16, 1937.

L. E. SUTHERLAND, of Peoria, and HOMER H. WILLIAMS, of Carthage, for appellants.

O'HARRA, O'HARRA & ROETH, of Carthage, for certain appellee.

PER CURIAM.

Appellants brought a suit in equity to foreclose a mortgage. After issue was joined the cause was referred to the master in chancery to take evidence and report the same with his conclusions to the court. The evidence was taken and the master made his report, which was filed. The court rendered a final decree on March 11, 1936, in favor of appellees. This appeal grows out of the events following the entry of the decree on March 11, 1936.

After the entry of that final decree, appellants served appellees with a notice of appeal and filed the same on March 31, 1936. On the same date attorneys for appellants and appellees entered into a stipulation to incorporate the original report of the master with all evidence and exhibits thereto attached in the record on appeal. On April 9, 1936, appellants filed a praecipe for record with the clerk of the circuit court of Hancock county, Illinois, which praecipe, among other things, contained the following:

3. Original report of master in chancery.

16. Original schedule of evidence filed with master's report, together with all exhibits attached thereto.

On May 13, 1936, appellees moved the trial court to dismiss the appeal on the grounds that appellants had failed to file the transcript of the record of the circuit court on appeal in this court within 30 days of the filing of the notice of appeal, as provided for by Rule 1 of this court. On the same date, after a hearing on said motion, the court entered an order dismissing the ap-

peal. It is this order that is questioned in this appeal. Thereafter, on June 6, 1936, appellants filed a motion to set aside the order dismissing the appeal on the ground that the report of proceedings at the trial, duly certified by the trial judge, was filed in the circuit court of Hancock county on May 28, 1936, being within 60 days of the filing of the notice of appeal, and on the further ground that appellants had 30 days after the report of proceedings had been filed within which to file the record in this court. On July 7, 1936, the circuit court entered an order denying appellant's motion, which had the effect of allowing the order of May 13, 1936, dismissing the appeal, to stand. The only error relied upon for reversal is that the circuit court of Hancock county erred in dismissing appellant's appeal.

Appellees contend that appellants are in error when they state that the only question involved in this appeal is whether a report of the proceedings at the trial was specified in the praecipe and, if so, whether such report was filed within sixty days after notice of appeal.

Appellees insist that there is involved not only the question of the construction of the praecipe but a determination of the question as to whether in a chancery case the report of the master in chancery in a case referred to him and filed in the case, a report of the proceedings is necessary or proper to incorporate that report and evidence in the record on appeal.

It is also contended by appellees that the master's report of evidence and findings when filed in the case, being a part of the record, the praecipe filed did not specify any of the proceedings at the trial and consequently the record on appeal should have been transmitted to the reviewing court not more than 30 days after notice of appeal had been filed and this not hav-

ing been done, the circuit court was authorized to dismiss the appeal.

Appellees are upheld in their contention by the case of *Strickland v. Washington Bldg. Corp.,* 287 Ill. App. 340, 4 N. E. (2d) 973; and in the *West Side Trust & Savings Bank v. Damond,* 280 Ill. App. 343, in which cases it is held that an appellant cannot extend the period allowed under the rules of the Supreme Court, for filing his record in the reviewing court, by a specification in his praecipe for a report of proceedings where the record in the case shows that no such report is necessary or proper. Appellees are right in their contention that the report of the master in chancery, including the evidence and exhibits, when passed upon by the court and filed, is a part of the record in the case.

We are of the opinion that the question presented by this appeal is this: When there is a hearing before the master in chancery and the original master's report is to be incorporated in the record on appeal by order of the court, or by stipulation of the parties, must there be a report of proceedings at the trial?

Rule 36, par. 1 (b) of the Rules of Practice and Procedure of the Supreme Court provides:

"(b)  All parts of the record, so designated, shall be incorporated in the record on appeal by copies certified by the Clerk; Provided, however, that the original copy of the report of proceedings at the trial as certified by the trial Judge, whether in the form of a complete stenographer's report or a condensed statement, or the original of the Master's report of evidence, may be incorporated in the record on appeal by order of the Court or by stipulation of the parties."

In other words, the rule provides that only the original copy of the proceedings at the trial, whether in the form of a complete stenographer's report or a condensed statement or the original of the master's report

of evidence, may be incorporated in the record on appeal by order of the court or by stipulation of the parties when certified by the trial judge.

The report of the master when filed, being a part of the record in the case, we are of the opinion that when by order of the court or by stipulation of the parties the original master's report is to be incorporated in the record on appeal, it is unnecessary to have a report of proceedings at the trial in order that such original master's report may be certified by the trial judge. To hold otherwise would be to require the court to certify into the record on appeal that which is already a part of the record in the case.

This is the interpretation placed upon the rule by McCaskill in his 1936 Edition of the Illinois Civil Practice Act Annotated, page 259.

Appellants by directing the clerk by their praecipe to include in the transcript of record the original report of the master in chancery and the original schedule of evidence, filed with the master's report, together with all exhibits attached thereto, did not specify any of the proceedings at the trial and for that reason should have transmitted their record on appeal to the reviewing court within 30 days after the notice of appeal had been filed.

For the reasons indicated, we are of the opinion that the judgment of the circuit court, dismissing the appeal of appellant, should be affirmed.

*Affirmed.*