Town of Ganeer, County of Kankakee, Appellee, v. Edward P. Cleary et al. Hartford Accident and Indemnity Co., Appellant.

Gen. No. 9,252.

Opinion filed March 31, 1938.

GOWER, GRAY & GOWER, of Kankakee, for appellant.

V. A. PARISH, of Momence, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit by appellee to recover for an alleged shortage in the accounts of the defendant Cleary, as supervisor of the town of Ganeer. The cause was referred to a special master who found that the Hartford Accident & Indemnity Co., appellant, was liable to the town of Ganeer in the sum of $825 for public money received by the defendant Cleary in his official capacity as supervisor, and for which he had not properly accounted. The various parties to the suit filed objections to the master's report which were overruled and permitted to stand as exceptions before the trial court.

The trial court sustained exceptions to the master's report as filed by appellee with respect to the sum of $906, which amount Cleary had paid to himself as commission. A credit of $33.37 was due and was allowed by the court against this $906 item. Judgment was rendered against appellant on the bond sued on, in the penalty of $10,000, and that such judgment should be discharged upon payment of the damages of $1,697.63, assessed upon the bond, together with the costs. Said damages were comprised of the $825 item and the sum of $872.63 resulting from the $906 item paid by Cleary to himself as commission, after the credit of $33.37 was allowed against same.

The Hartford Accident & Indemnity Company is the sole appellant in this suit. It urges the damages assessed in this case should be reduced to $825, and that the action of the trial court in assessing the additional sum of $827.63 as damages was error. Appellee urges that the judgment of the trial court in assessing the damages was proper and supported by the law and the evidence. Appellee also urges that its motion to dismiss the appeal because the record was not filed within the time prescribed by the rules, should be granted. This motion was taken with the case. Notice of appeal was filed on June 4, 1937. The record on appeal was received and filed in the office of the clerk of this court on August 14, 1937. It has been generally held that an appellant cannot extend the period permitted under the rules for filing a record in the court of review by specifying a report of proceedings in a praecipe, where the records shows that no such report is necessary or proper. It is also generally considered that the report of a master which embodies the evidence, when filed and passed upon, becomes a part of the record in the case. Under such circumstances the courts have consistently held that an appellant must file his transcript of the record in the court of review within the time

prescribed by the rules. *Amberg v. Meeker,* 290 Ill. App. 147; *Shaw v. Davis,* 289 Ill. App. 447; *Strickland v. Washington Bldg. Corp.,* 287 Ill. App. 340; *West Side Trust & Savings Bank v. Damond,* 280 Ill. App. 343. It is provided by Rule 1 of the rules of this court that the record on appeal where no proceedings at the trial are specified, must be transmitted to this court within 30 days after the notice of appeal has been filed. The above rule was similar in period of time to the provisions of Rule 36 of the Supreme Court until the amendment thereof at its October Term, 1937, whereby the time within which the record on appeal must be transmitted to that court was changed from 30 to 60 days.

Appellant urges that the rulings of the trial court upon the exceptions to the master's report constituted and called for a report of proceedings. Appellant further urges that this suit being an action at law is not governed by the same rule with respect to the master's report becoming a part of the record as in chancery cases, that such rule applies only to chancery cases and has no application to law cases. We find no distinction in the rule between legal and equitable actions. Appellant insists that the person to whom the matter was referred was not properly designated, as a special master; but acted in the capacity of a referee. The practice of referring matters of account in law actions to a referee, as a subordinate officer of the court, is of ancient origin. However, the constitutional guaranty to the right of trial by jury has given rise to a situation where the question whether such right is infringed upon by a compulsory reference must be determined from an examination of the judicial history of the particular jurisdiction. Section 68 of the Practice Act of 1907, provided for a reference to a referee, of actions at law in which matters of account were in controversy. This section was held not to violate any

constitutional right to trial by jury. *Continental Beer Pump & Plumbing Co. v. Cooke Co.,* 299 Ill. 104. Section 68 of the Practice Act of 1907 was repealed by section 61 of the Practice Act of 1933 (ch. 110, sec. 185, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.061]). Said section 61 of the present act apparently is section 39 of the Chancery Act, as it existed prior to 1933, and extended to include actions at law.

The object of a statute such as section 68 of the Practice Act of 1907 was, that in law actions involving a long and detailed account where the items were numerous and varied, might be referred to a referee in order that all items of account over which there was no controversy or dispute might be eliminated from the trial. *Hawkyard v. Suttle,* 188 Ill. App. 168. The items of account entering into the judgment of the court against appellant herein were but two in number, and no controversy existed as to their amount. They were contained in a stipulation between the parties. No real controversy now exists as to the $825 item. Appellant urges the judgment should be reduced to that amount. The only item in controversy arises from the $906 commission which Cleary paid to himself and against which sum a credit of $33.37 was allowed. The only question before the trial court with respect to this item was a question of law regarding the supervisor's right to pay to himself such commission. There was therefore no disputed matter between appellant and appellee for the trial court to submit to a jury. The method of procedure in this case was adopted and followed by the parties without any objection.

The evidence in this case was contained in the master's report as filed. The record fails to disclose any question of fact presented to the trial court by appellant following the filing of the report of the evidence, which called for a jury trial. No such error is assigned for reversal. We are therefore of the opinion that the

record on appeal in this case should have been transmitted to this court within the time prescribed by the rules for records where no report of the proceedings at the trial are specified, or where such report of proceedings is already a part of the record. Due to appellant's failure in this regard, the appeal is hereby dismissed.

*Appeal dismissed.*